Name: __MATTHEW JAMES GRIFFIN__
CDCR#: #14815223 – WCI
Address: BOX 728
_____NORLINA, N.C. 27563
Phone: __252-456-3400

**RECEIVED**
CHARLOTTE, NC

MAY 2 3 2019

Clerk, US District Court
Western District of NC

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MATTHEW JAMES GRIFFIN,

    Name of Plaintiff,

    vs.

ERIC A. HOOKS; W. DAVID GUICE;
KENNETH E. LASSITER; ERIC T. DYE;
KENNETH A. BEAVER; FINESSE G. COUCH;
ELIZABETH D. WALLACE; CAPTAIN
HAMILTON; LIEUTENANT CLIFTON;
SERGEANT QUINN; OFFICER CALDWELL;
UNKNOWN DOE'S #1 THROUGH #40, and;
NORTH CAROLINA DEPARTMENT OF
PUBLIC SAFETY,

    Names of all Defendants.

No. 3:19-cv-00135-FDW
    Jury Trial Demanded

**FIRST AMENDED
CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. § 1983**

## I.    Jurisdiction

Plaintiff for his claim against Defendants' states:

1.     This civil action arises under the Eighth and Fourteenth Amendments of the Constitution of the United States of America, and; Title 42 U.S.C. Section 1983 and 1988, as hereinafter more fully appears.

2.     This Court has jurisdiction under Title 28 U.S.C. Sections 1331 and 1343(a)(3).

3. This Court has jurisdiction over Plaintiff's claims for injunctive and declaratory relief under Title 28 U.S.C. Sections 2201 and 2202.

4. This Court has supplemental jurisdiction over Plaintiff's State Law Claims under 28 U.S.C. Section 1367.

5. Venue is proper in this Court.

## II.     Parties

6. Plaintiff, Matthew James Griffin, is a prisoner of the State of New Mexico who is confined in North Carolina within Warren County, North Carolina, under the Interstate (ICC) or Western interstate Corrections Compact (WICC).

7. For the violation of Plaintiff's Constitutional rights the Defendants listed herein below are named in their individual capacity for monetary damages and in their official capacity for prospective injunctive relief.

8. Defendant Eric A. Hooks is employed as Secretary of the North Carolina Department of Public Safety at Raleigh, within Wake County, North Carolina.

9. Defendant W. David Guice is employed as Chief Deputy, Secretary of the NC-DPS at Raleigh within Wake County, North Carolina.

10. Defendant Kenneth E. Lassiter is employed as Director of Prisons of the NC-DPS at Raleigh, within Wake County, North Carolina.

11. Defendant Eric T. Dye is employed as *Assistant Superintendent* at the Alexander Correctional Institution (hereinafter "AXCI"), within Alexander County, North Carolina.

12. ~~Defendant Kenneth A. Beaver is employed as an Executive Director of the NC-DPS at Raleigh, within Wake County, North Carolina.~~

2

13.     Defendant Finesse G. Couch is employed as an Executive Director of the NC-DPS at Raleigh, within Wake County, North Carolina.

14.     Defendant Elizabeth D. Wallace is employed as an investigator/examiner of the NC-DPS at Raleigh, within Wake County, North Carolina.

15.     Defendant _____ Hamilton is employed as a Captain at the AXCI, within Alexander County, North Carolina.

16.     Defendant _____ Clifton is employed as a Correctional Lieutenant at the AXCI, within Alexander County, North Carolina.

17.     Defendant _____ Quinn is employed as a Correctional Sergeant at the AXCI, within Alexander County, North Carolina.

18.     Defendant Caldwell was formerly employed as a Correctional Officer at the AXCI, within Alexander County, North Carolina.

19.     Defendant Unknown Doe's #1 -10 were employed as Supervisors and Officers of the NC-DPS at AXCI, within Alexander County, North Carolina.

20.     Defendant Unknown Doe's #11 – 40 were employed as NC-DPS Supervisors within the North Carolina Department of Public Safety.

21.     Defendant Kenneth A. Beaver is employed as Superintendent at Alexander Correctional Institution.

22.     Defendant _____ is employed as _____ at _____.

23.     Defendant _____ is employed as _____ at _____.

24.     Defendant _____ is employed as _____ at _____.

3

25. Defendant _____ is employed as _____

_____ at _____.

26. Defendant _____ is employed as _____

_____ at _____.

27.     Additional Defendants: Defendant North Carolina Department of Public Safety (referred to herein as "NC-DPS") is a public entity or governmental agency of the State of North Carolina and is named in this Amended Complaint as the real party in interest and a party Defendant in relation to Plaintiff's claim under the North Carolina Tort Claims Act.

28.     All unknown Doe Defendants will be identified through Discovery.

### III.    Factual Allegations

29.     Plaintiff, a citizen of New Mexico, was transferred to North Carolina under the terms of the Interstate Corrections Compact (ICC) pursuant to a written contract between the Secretary of the New Mexico Department of Corrections (NMCD) and the Secretary of the North Carolina Department of Public Safety or his designee with the contract being executed in counterparts at Raleigh, North Carolina and Santa Fe, New Mexico. Plaintiff arrived at Central Prison on October 9, 2015. On December 21, 2015, Plaintiff was transferred to the Alexander Correctional Institution. At the time the contract was entered all supervisory Defendants named herein knew that their subordinate correctional officers and correctional supervisors had an unlawful habit, routine or practice of maliciously and sadistically using unnecessary and excessive physical force against prisoners in their custody while the prisoners were restrained in wrist restraints and/or other physical restraints in areas of their respective correctional institutions that had incomplete video surveillance and/or blind spots in video surveillance coverage, all without legitimate justification or lawful excuse.

4

30.     Upon information and belief all individual Defendants named herein are residents of North Carolina.

31.     To the extent Defendants Hooks, Guice and Lassiter are named in their official capacities they are domiciled in Wake County, North Carolina where their offices are.  The remaining Defendants are domiciled in Alexander County, North Carolina which is where their official offices are maintained or where they engaged in transactions relevant to this lawsuit.

32.     Venue in this civil action is proper in either the United States District Court for the Eastern District of North Carolina or the United States District Court for the Western District of North Carolina.

33.     At all times material hereto each Defendant named in this Complaint was acting under the color of the statutes, rules, regulations, customs, policies and laws of the State of North Carolina.

34.     At all times material hereto each Defendant was an employee or agent of Defendant NC-DPS.

35.     Defendants Hooks, Guice, Lassiter, Beaver and Dye are employees of the North Carolina Department of Public Safety who before, during and after March 21, 2017 had final policymaking authority within the NC-DPS Division of Prisons and/or the Alexander Correctional Institution.

36.     Defendants Hooks, Guice, Lassiter and Beaver continue to exercise final policymaking authority within the NC-DPS, Division of Prisons and/or the Alexander Correctional Institution.

37.     On March 21, 2017 Defendant Dye was the acting Superintendent of the Alexander Correctional Institution. Prior to the filing of this Complaint Defendant Dye was succeeded in office of the Superintendent by Defendant Beaver.

38.     Each of the Defendants named herein, except Defendant NC-DPS is a governmental entity or agency of the State of North Carolina.

39.     Defendant NC-DPS is only named as a party defendant in relation to Plaintiff's claims under the North Carolina Tort Claims Act. The other named Defendants, except Defendant Beaver, are named in their individual capacity for monetary damages and in their official capacity for prospective injunctive relief in relation to Plaintiff's claims for the violation of his constitutional rights. Defendant Beaver is only named in his official capacity as the successor in office of the Superintendent of the Alexander Correctional Institution.

40.     During the last ten (10) years hundreds of prisoners of the State of North Carolina have complained that they were unlawfully attacked and beaten by employees or officers of the NC-DPS while they were confined in a state prison or state correctional institution operated by Defendant NC-DPS and that:

a)      they were attacked and beaten while in physical restraints, and/or;

b)      they were attacked and beaten in an area of their respective prison or correctional institution that lacked video surveillance or that lacked retrievable video surveillance images.

41.     From January 01, 2008 to date and continuing Defendants Hooks, Guice, Lassiter, Beaver and their predecessors in office have failed to adopt, promulgate, implement or maintain a proper, meaningful or effective policy and procedure to review and investigate allegations of excessive or unlawful use of force within the NC-DPS and Alexander Correctional Institution.

6

42. From January 01, 2008 to date and continuing Defendants Hooks, Guice, Lassiter, Beaver, Dye and their predecessors in office have failed to adopt, promulgate, implement or maintain a reasonable, effective or meaningful policy and procedure to capture, record, retrieve and review video surveillance imagery through the prisons and correctional institutions of the NC-DPS Division of Prisons and at the Alexander Correctional Institution.

43. Contrary to generally accepted standards employed by correctional agencies throughout the United States and the officials thereof; Defendants Hooks, Guice, Lassiter, Beaver, Dye and Does #11 through #40 failed to maintain complete or accurate records to track the use of justified or unjustified physical force used by their subordinates. This failure to track the use of force within NC-DPS prisons and correctional institutions caused and encouraged subordinate NC-DPS correctional officers and employees, including Defendants Caldwell, Quinn and Does #1 through #10, to commit acts of misconduct and use excessive force with impunity.

44. On the morning of March 21, 2017, Plaintiff was housed within the close custody general population of the Alexander Correctional Institution at Unit Blue North, JA Wing (or section), cell number 45.

45. Plaintiff, a handicapped prisoner of the State of New Mexico, has a diagnosed serious visual impairment and is escorted by an assigned medical orderly at AXCI. On the morning of March 21, 2017, Plaintiff had a Call Out Pass to attend a mental health appointment. Plaintiff and his medical orderly exited JA Section (Wing) to attend the appointment.

46. On the morning of March 21, 2017, after exiting JA-Wing Plaintiff was involved in a physical altercation with a correctional officer. Other correctional officers responded to the incident. Pepper spray was discharged at Plaintiff, Plaintiff was tackled to the ground, handcuffs were applied, and leg shackles were applied. This altercation occurred in the Blue North

7

Rotunda. Plaintiff was not injured at Blue North. At that time no officers or employees reported punching, hitting, striking or kicking Plaintiff.

47.     Over two dozen NC-DPS staff responded to the initial incident in the Blue North Rotunda, each of the three (3) 48 cell wings (sections) adjoining the Blue North Rotunda are equipped with video surveillance cameras and the Blue North Corridor is equipped with video surveillance cameras aimed in the direction of the Blue North Rotunda.

48.     As used in this Complaint the term "full restraints" means handcuffs and leg shackles with the hands handcuffed behind the back.

49.     On the morning of March 21, 2017, Plaintiff in full restraints was escorted by and under the control of over a dozen correctional officers and supervisors as he was walked from the Blue North Rotunda to the Restricted Housing Unit (RHU) at AXCI.

50.     Upon entering the RHU Plaintiff in full restraints was taken to RHU D-Wing by Defendants Quinn, Caldwell and Does #1 through #10.

51.     Once inside D-Wing of the RHU, Plaintiff in full restraints was placed in the D-Wing lower tier shower at which time Defendant Quinn stated, "Do it quick." Defendant Caldwell and Defendants Doe 1, 2 and 3 then began to attack and beat the fully restrained Plaintiff in the presence of supervisory Defendant Quinn and one or more of Defendants Doe #4 through #10.

52.     Defendants Caldwell and Does #1, 2 and 3 punched, kicked, hit and struck the Plaintiff multiple times causing Plaintiff to suffer bruising and inflammation on his backside, extremities and the neck, head and face. Plaintiff also sustained a laceration to the inside of his left cheek and a traumatic brain injury/concussion from being beaten by Defendants Caldwell and Does #1 through #3.

8

53.     Supervisory Defendant Quinn then warned Defendant Caldwell and others of the approach of Defendant Dye at which time the attack on Plaintiff stopped.

54.     There are two (2) wall mounted video surveillance cameras within D-Wing of the Restricted Housing Unit.  However, the interior of the D-Wing lower tier shower is not within the view of the cameras creating a "blind spot" in the camera coverage which is known to all staff and RHU prisoners.

55.     Defendants Hooks, Guice, Lassiter, Dye, Beaver, Couch, Wallace, Hamilton, Clifton and Does #11 through #40 were aware of a systemic problem within the NC-DPS, Division of Prisons wherein prisoners in full restraints were taken to areas of prisons with surveillance camera "blind spots" and were then attacked and beaten by prison staff members. Victims of similar misconduct include, but are not limited to: Stanley Corbett, Austin R. Pittman, Jerry Williams, Sherman Thompson, Mark Miller, Chardan Whitehead, Tijaun Wilson, Samuel McCrae, Billy Riddle, John Davis, Haseem Everett, Jerome Peters, Morlai Sesay, Randy Massey, Michael Cook, Sammy Ussery, Michael Anthony Kerr, Jeremy Love, unknown Jordan, Arthur Brett Chandler, unknown Miller, Joseph Steepleton and Plaintiff.

56.     The Defendants identified in paragraph 55 *supra.*, knew of the systemic use of excessive force from their review of lawsuits, grievances, complaints, incident reports, other documents and video surveillance from cameras in the vicinity of blind spots where prisoners were repeatedly taken to be beaten by staff while in full restraints.  These Defendants were aware of the excessive risk of malicious and sadistic assaults created by the lack of video surveillance in blind spots at prisons within the Division of Prisons and they failed to take preventive or corrective action to halt the assaults.  This caused and encouraged prison staff, including

9

Defendants Caldwell, Quinn and Does #1 through #10 to use unjustified and excessive force with impunity.

57.     Plaintiff exhausted his administrative remedies on the claims of this Complaint within the NC-DPS by filing grievance number 4870-2017-MPODEO2974 with the NC-DPS and by pursuing the same through all available levels of appeal within the NC-DPS without obtaining the relief requested. See, Attachments 1, 2, and 3 of this Complaint.

58.     At the time this action arose Plaintiff had a clearly established right to be free from the unnecessary and wanton infliction of pain and a clearly established right to be free from the malicious and sadistic infliction of pain and suffering without legitimate penal justification.

59.     Defendants Caldwell and Does #1, 2 and 3 violated the clearly established constitutional rights of Plaintiff identified in paragraph 58, *supra.*, of which a reasonable prison official would have known.

60.     Defendants Hooks, Guice, Lassiter, Dye, Beaver, Couch, Wallace, Hamilton, Clifton, Quinn and Does #4 through #40 acted with deliberate indifference to the clearly established constitutional rights of Plaintiff identified in paragraph 58, *supra.,* and thereby caused the violation of Plaintiff's constitutional rights.

61.     Removing the fully restrained Plaintiff to a secondary location, the D-Wing lower tier shower, and beating him there was an act that was committed by Defendants Quinn, Caldwell and Does #1 through #10 and was repugnant to the conscience of mankind.

62.     At all times material hereto Defendants Hooks, Guice, Lassiter, Dye, Beaver, Couch, Wallace, Hamilton, Clifton, Quinn, Caldwell, and Does #1 through #40 acted with malice, ill-will, recklessness and an intentional desire to injure the named Plaintiff.

63.    Plaintiff sues Defendants Does #1 through #40 by such fictitious names and will seek leave to amend his Complaint to add their true names when the same has been ascertained.

64.    Plaintiff sustained physical injury as a result of the acts and omissions of the Defendants' as described herein.

65.    An actual controversy exists between Plaintiff and Defendants' concerning their rights, privileges and obligations.

### IV.    Cause of Action

### COUNT 1

The following civil right has been violated:  Excessive use of force in violation of the Eighth Amendment.

> Supporting Facts: [Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be sure you describe exactly what each specific defendant (by name) did to violate your rights.]

66.    Plaintiff incorporates by reference and re-alleges paragraphs 1 through 65, as if the same were fully set forth herein.

67.    On March 21, 2017, within Alexander County, North Carolina at the Alexander Correctional Institution Defendants Caldwell and Does #1 through #3 did use excessive and unnecessary force against the Plaintiff in a malicious and sadistic manner for the sole purpose of injuring Plaintiff without legitimate penological justification or lawful excuse.

68.    Plaintiff sustained physical injury as a result of the acts and omissions of Defendants Caldwell and Does #1 through 3.

69.    The actions of Defendants Caldwell and Does #1 through #3 in using physical force against the Plaintiff, without need or provocation, was done in a malicious and sadistic

manner and constituted cruel and unusual punishment in violation of the Eighth Amendment of the Constitution of the United States of America.

## COUNT 2

The following civil right has been violated: Supervisory liability for failure to intervene in violation of the Eighth Amendment.

> Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights.]

70.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 69, as if the same were fully set forth herein.

71.     On March 21, 2017, at the Alexander Correctional Institution within Alexander County, North Carolina, Defendants Quinn and Does #4 through #10 were personally present in D-Wing when unnecessary and excessive physical force was used against Plaintiff in a malicious and sadistic manner for the sole purpose of injuring Plaintiff without legitimate penological justification or lawful excuse.

72.     Defendants Quinn and Does #4 through #10 are all uniformed correctional peace officers or uniformed supervisory correctional peace officers who were present at the scene of the unlawful use of excessive force against Plaintiff, knew of the use of excessive force, had an opportunity to intervene in the excessive use of force and failed to do so.

73.     Peace officers of every rank have an affirmative duty to intervene in the use of unnecessary or excessive force.

74.     At all times material hereto Defendants Quinn and Does #4 through #10 were acting with deliberate indifference.

75.     The acts and omissions of Defendants Quinn and Does #4 through #10 in failing to intervene and protect Plaintiff caused injury or harm to the Plaintiff and was the proximate cause of the violation of Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment as guaranteed by the Constitution of the United States of America.

## COUNT 3

The following civil right has been violated: Violation of the Eighth Amendment right to be free from cruel and unusual punishment.

> Supporting Facts: [Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be sure you describe exactly what each specific defendant (by name) did to violate your rights.]

76.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 75, as if the same were fully set forth herein.

77.     As a direct and proximate result of the acts and omissions of the named Defendants, as detailed above, the Plaintiff has suffered unnecessary, excessive, malicious and sadistic force in violation of his right to be free from cruel and unusual punishment, as guaranteed by the Eighth Amendment of the Constitution of the United States of America.

## COUNT 4

### N.C. Tort Claims Act Liability:
### Negligent Training, Supervision and Retention of Personnel

78.     Plaintiff incorporates by reference and re-alleges paragraphs 1 through 77 [57], as if the same were fully set forth herein.

79.     Eric A. Hooks, W. David Guice, Kenneth E. Lassiter, Eric T. Dye, Kenneth A. Beaver, Finesse G. Couch, Elizabeth D. Wallace, Captain Hamilton, Lieutenant Clifton, Sergeant Quinn, Officer Caldwell and unknown Does #1 through #40 are all employees of the North Carolina Department of Public Safety (hereinafter "NC-DPS").

80.     At all times material hereto the individuals identified in paragraph 79 *supra.* were acting within the scope of their duties as employees of the NC-DPS.

81.     The NC-DPS is an agency of the State of North Carolina.

82.     As used in Count 4 of this Complaint the term "subordinate employees" means Officer Caldwell and unknown Does #1 through #10.

83.     As used in Count 4 of this Complaint the term "supervisory employees" means Eric A. Hooks, W. David Guice, Kenneth E. Lassiter, Eric T. Dye, Kenneth A. Beaver, Finesse G. Couch, Elizabeth D. Wallace, Captain Hamilton, Lieutenant Clifton, Sergeant Quinn and unknown Does #11 through 40.

84.     The supervisory employees had a duty to train and supervise their subordinate employees and retain in employment only those subordinate employees who could perform their duties in a reasonable and prudent manner.

85.     The supervisory employees breached their duty to train and supervise their subordinate employees regarding the use of unnecessary or excessive use of force. This breach of duty was the proximate cause of injury or harm to the Plaintiff.

86.     The subordinate employees had a duty to perform their duties in a reasonable, careful and prudent manner.

87.     Prior to the assault and battery of Plaintiff the supervisory employees knew that their subordinate employees were not capable of performing their duties in a reasonable, careful or prudent manner.

88.     Nevertheless, the supervisory employees continued to retain their subordinate employees in employment and thereby negligently caused injury or harm to the named Plaintiff.

89. NC-DPS is liable to Plaintiff for the negligent acts and omissions of its employees.

90. Plaintiff did not cause or contribute to his own injury.

## COUNT 5

### Assault and Battery

91. Plaintiff incorporates by reference and re-alleges paragraphs 1 through 57, as if the same were fully set forth herein.

92. The actions of Defendants Quinn, Caldwell and Unknown Does #1 through #10 in using physical force against the Plaintiff without need, provocation or lawful excuse constituted the torts of assault and battery under the common law and laws of North Carolina.

## V. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

A. General or Compensatory damages in the amount of $250,000.00Dollars;

B. Punitive damages in an amount to be proven at trial;

C. Declaratory relief as to the state of deprivation alleged herein;

D. Injunctive relief;

E. Costs & Fees under 42 U.S.C. Section 1988 if Plaintiff is represented by an attorney, and;

F. such other and further relief as may be just or equitable in the premises.

## VI. DEMAND FOR JURY

Plaintiff demands a jury trial on all issues so triable.

## VII.    VERIFICATION

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____          _____
(Name of person who prepared or helped                   (Signature of Plaintiff)
 prepare this complaint if not Plaintiff)

                                          _____
                                                       (Date)


(Additional space if needed; identify what is being continued)

_____

_____

_____

16

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MATTHEW JAMES GRIFFIN,

      Plaintiff,

vs.

ERIC A HOOKS, et al.,

      Defendants.

No. <u>3:19-cv-00135-FDW</u>

**CERTIFICATE OF
SERVICE BY MAILING**

I, Matthew James Griffin, hereby declare under penalty of perjury of the laws of the United States of America:

That I am a citizen of the United States, over the age of eighteen and competent to be a witness herein.

That on the 21 day of May, 20 19, I delivered to prison officials legal (special) mail for deposit in the United States Mail, with First Class, [ ] postage pre-paid, [X] indigent postage guaranteed by the facility, and addressed as follows:

United States District Court
Office of the Clerk
401 West Trade Street, Room 210
Charlotte, North Carolina 28202

copies of the following documents in the above entitled cause of action:

First Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 and this Certificate of Service by Mailing

MATTHEW JAMES GRIFFIN
#1481522 – WCI
BOX 728
NORLINA, NORTH CAROLINA 28681
252-456-3400

17

# ATTACHMENT

# NUMBER ___1___

Plaintiff's letter to the

Director of the NC-DPS, Division of Prisons

dated May 15, 2017

This Attachment is comprised of __2__ pages and is a legal document or material within the meaning of 15CCR3161.

# MATTHEW JAMES GRIFFIN

#1481522, 633 Old Landfill Road, Taylorsville, North Carolina 28681        PH: 828-632-1331

15 MAY 2017

George T. Solomon, Director
NC-DPS, Division of Prisons
4260 Mail Service Center
Raleigh, NC 27699-4260

RE: Submission For Processing of an Excessive
Use of Force Grievance

Dear Director Solomon,

Since I was attached and beaten by
AxCI Staff while in Full restraints on
March 21, 2017 I have submitted several
grievances in relation to the conduct
of AxCI Staff.

To date I have not received any
written response to Grievances submitted
on:

   1) 28MAR2017 excessive use of force grievance,
     Mail log Number NC-17-1352

   2) 04APR2017 Fall in NON-handicapped cell
     while MDS required housing in handicapped
     cell, Mail log Number NC-17-1354

❋ continued on Page 02 ❋

FORM L-39

3) 05APR2017 Retaliation/excessive use of Force and other retaliatory acts grievance, Mail log Number NC-17-1356

It appears to me that NC-DPS and AXCI staff are attempting to artificially create an affirmative defense of failing to exhaust administrative remedies, where no such defense would exist, absent their failure to respond to my grievances

Please respond in writing to my enclosed excessive use of force grievance.

Please see that all grievances submitted at AXCI are processed. To that end I request that you preserve all Restrictive Housing Unit/Segregation Video at AXCI, from 21 March 2017 to 15May 2017, for use in Court.

Be advised I will consider the bypassing of, failure to respond to or processing a grievance outside the order it was submitted as an act of NC-DPS staff that makes the administrative remedy unavailable to me.

Sincerely,

Matthew James Griffin

#NC-17-1387

# ATTACHMENT

# NUMBER ___2___

_____

Prison Grievance

dated May 15, 2017

_____

_____

_____

_____

assigned number:     4870-2017-MPODE02974

This Attachment is comprised of ___2___ pages and is a legal document or material
within the meaning of 15CCR3161.

DC-410 (Rev. 07/15)

## NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY
## PRISONS
## ADMINISTRATIVE REMEDY PROCEDURE

Inmate Name: Matthew James Griffin    Inmate #: 1481522

Location: AXCI    Date: 15 MAY 2017

Grievance Statement: I want to grieve that on 21 MAR 2017, in the lower shower of D-Wing, Restricted Housing Unit at AXCI, I was attacked and beated, while in full restraints (handcuffed behind the back + leg shackles), by NC-DPS Correctional Officer Caldwell and at least two (2) others in the presence of
*continued on Page 02*

What remedy would resolve your grievance?: Compensatory & punitive monetary damages for the violation of constitutional rights; $500,000.00 Dollars for negligence of staff; injunctive relief and declaratory relief

Inmate Signature: _____    15 MAY 2017

#NC-17-1387

| OFFICIAL USE |
| --- |

Date received: 05 30 17    Receiving Officer Signature    Staff ID

Facility #: 4870    Year: 2017    Housing #: MODE    Sequence #: 2974

Distribution: White - Facility Copy; Pink - Inmate Copy

NC-DPS Correctional Sergeant Quinn. I sustained harm and physical injury as a result of the attack. The NC-DPS and AXCI have an extensive history of using excessive and unjustified force which is made possible due to the deliberate indifference and/or negligence of its supervisory personnell.

This grievance is filed against officer Caldwell, unknown Does 1-10 (present at the scene) and sergeant Quinn for the malicious and sadistic use of force in violation of the Eighth Amendment of the Constitution

This grievance is filed against Sergeant Quinn and unknown Does 1-10 (present at the scene) for deliberate indifference in failing to intervene and protect grievant from excessive use of force.

This grievance is filed against NC-DPS Supervisory personnell identified as Sergeant Quinn and unknown Does 11 through 40 up to and including Secretary of DPS Eric A. Hooks for their negligence in failing to train, supervise & discipline NC-DPS Officers which caused grievants injury. This Negligence includes failure to retain in employment only officers that act reasonably and in a lawful manner.

Dated this 15 day of May 2017.

MATTHEW J. GRIFFIN

# ATTACHMENT

# NUMBER ____3____

Four (4) Pages

of Responsive Documents to

Grievance No. 4870-2017-MPODE02974

-Proof of exhaustion of available administrative remedies within the NC-DPS

This Attachment is comprised of ___5___ pages and is a legal document or material within the meaning of 15CCR3161.

# North Carolina Department of Public Safety

*Prisons*

Roy Cooper, Governor
Erik A. Hooks, Secretary

W. David Guice, Commissioner
George T. Solomon, Director

## DC-410 Screening Response

**Regarding Grievance No.: 4870-2017-MPODE02974**
**Received: 05/30/2017**

**Inmate:**   **GRIFFIN, MATTHEW J - 1481522**
**Location:**   **4870-ALEXANDER CI - MPODE013**

The grievance you have submitted has been accepted and will begin a review process. A response will be sent within 15 calendar days of 05/30/2017.

---

05/30/2017
*Date*

POWELL, ELIZABETH NICOLE
*Staff Electronic Signature*

cc: CTS



NC 16

**MAILING ADDRESS:**
633 OLD LANDFILL RD.
TAYLORSVILLE, NC 28681

**OFFICE LOCATION:**
633 OLD LANDFILL RD.
TAYLORSVILLE, NC 28681
Telephone: (828)632-1331
Fax: (828)632-1345

WWW.NCDPS.GOV
*An Equal Opportunity Employer/Affirmative Action Employer*

# North Carolina Department of Public Safety

*Prisons*

Roy Cooper, Governor
Erik A. Hooks, Secretary

W. David Guice, Chief Deputy Secretary
Kenneth E. Lassiter, Director of Prisons

## Step One - Unit Response

**Regarding Grievance No.: 4870-2017-MPODE02974**
**Received: 05/30/2017**

**Inmate: GRIFFIN, MATTHEW J - 1481522**
**Location: 4870-ALEXANDER CI - MPODE013**

Your concerns are being addressed in Incident report #300.

06/13/2017
_____
*Date*

POWELL, ELIZABETH NICOLE
_____
*Staff Electronic Signature*

(A)_____ Agree with grievance response

(B)__X__ Appeal to Step Two (24-hour limit)

_____                     _13JuN2017_
*Date*                              *Inmate Signature*

_____                     _____
*Date*                              *Witness Signature (optional)*

cc: CTS

NC 16

**MAILING ADDRESS:**
633 OLD LANDFILL RD.
TAYLORSVILLE, NC 28681



**OFFICE LOCATION:**
633 OLD LANDFILL RD.
TAYLORSVILLE, NC 28681
Telephone: (828)632-1331
Fax: (828)632-1345

WWW.NCDPS.GOV
*An Equal Opportunity Employer/Affirmative Action Employer*

# North Carolina Department of Public Safety

*Prisons*

Roy Cooper, Governor
Erik A. Hooks, Secretary

W. David Guice, Chief Deputy Secretary
Kenneth E. Lassiter, Director of Prisons

**Step Two - Area/Complex/Institution Response**

**Regarding Grievance No.: 4870-2017-MPODE02974**
**Received: 05/30/2017**

**Inmate:** **GRIFFIN, MATTHEW J - 1481522**
**Location: 4870-ALEXANDER CI - MPODE013**

I have reviewed your Grievance carefully and determined that the response given at the Step One response on Grievance #4870-17-MPODE-02974 has adequately addressed your concerns. You compliant is being addressed under incident report #0300 (Use of Force).

06/19/2017
*Date*

DYE, ERIC T.
*Staff Electronic Signature*

(A)_____ Agree with grievance response

(B) X Appeal to Secretary, DPS (24-hour limit)

03 Jul 2017
*Date*

*Inmate Signature*

*Date*

*Witness Signature(optional)*

cc: CTS

**MAILING ADDRESS:**
633 OLD LANDFILL RD.
TAYLORSVILLE, NC 28681



**OFFICE LOCATION:**
633 OLD LANDFILL RD.
TAYLORSVILLE, NC 28681
Telephone: (828)632-1331
Fax: (828)632-1345

WWW.NCDPS.GOV
*An Equal Opportunity Employer/Affirmative Action Employer*

State of North Carolina
Roy Cooper
Governor

Finesse G. Couch
Executive Director

# North Carolina Department of Public Safety
## Division of Adult Correction
### Inmate Grievance Resolution Board
4207 MAIL SERVICE CENTER, RALEIGH, NC 27699-4207

Members
Robert E. Campbell, Esq.
James D. Foster, Esq.
Jonathan D. Franklin
Kenneth Raymond

## Step Three - Administrative Remedy Response

**Inmate:** GRIFFIN,MATTHEW J
**Inmate #:** 1481522
**Location:** 4870-ALEXANDER CI - EINFR007

**GRB Grievance No:** 00059
**Unit Grievance No:** 4870-2017-MPODE02974
**Date Received:** 07/05/2017

## Grievance Examiner: Findings and Disposition Order

Matthew Griffin filed this grievance on 05/15/17 at Alexander Correctional Institution. He stated that he was treated unfair when he was attacked and beaten by Correctional Officer Caldwell and Sergeant Quinn while he was in full restraints.

This examiner has carefully reviewed the grievance and the response given by staff in the DC-410A response. From this review, it appears that staff has adequately addressed this inmate's grievance concerns. I adopt the facts found by the staff investigator.

On this record, it appears that proper action has been taken by staff to resolve this inmate's grievance concerns. Therefore, this grievance is considered resolved by DPS staff.

08/23/2017
_Date_

WALLACE, ELIZABETH D
_Inmate Grievance Examiner Electronic Signature_

cc: CTS

# MATTHEW JAMES GRIFFIN

#1481522—AXCI, 633 Old Landfill Road, Taylorsville, NC 28681          PH: 828-632-1331

August 22, 2017

Finesse G. Couch, Executive Director
NC-DPS, Grievance Resolution Board
831 West Morgan Street
4207 Mail Service Center
Raleigh, North Carolina 27699-4207

RE:     Request for Final Decision and Disposition on Grievance # 4870-2017-MPODE02974.

Dear Director Couch:

Between March 28, 2017 and May 15, 2017, I submitted several grievances at AXCI relating in whole or part to an excessive use of force against myself on March 21, 2017. Of these only Grievance # 4870-2017-MPODE02974 was ever processed by AXCI Staff. The other grievances all disappeared.

To date I have not received a final decision. I request a final decision so I may proceed to court on my claims.

I note that AXCI Staff and the NC-DPS never investigated my claim of excessive use of force within the established grievance process. Instead both the Step One and Step Two Decisions referred me to an administrative investigation (AXCI #0300) outside of the grievance process. Since this "administrative investigation" in not capable of providing the relief requested in my grievance (e.g. $500,000.00 Dollars for beating me while handcuffed), my grievance must be denied.

Please provide me with a final decision on Grievance # 4870-2017-MPODE02974 so that I may proceed to the Courthouse to obtain compensation for my injuries caused by the wrongful and unlawful actions of employees of the NC-DPS. Also, please retain all investigatory notes of every kind and all video relating in whole or in part to the unlawful attack upon my person for use as evidence in court.

Sincerely,

MATTHEW JAMES GRIFFIN

cc:     File