UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Vacate Protective Order" [Doc. 54] and Plaintiff's "Second Motion for a 90 Day Extension of Time Within Which to Serve Process and First Request to Extend Scheduling Deadlines" [Doc. 56].

Pro se Plaintiff Matthew James Griffin's Second Amended Complaint, brought pursuant to 42 U.S.C. § 1983, survived initial review on November 14, 2019, against Defendants Hooks, Guice, Lassiter, Dye, Beaver, Couch, Wallace, Clifton, Quinn, Caldwell, Clawson, and Doe Defendants #2 through #40. [Doc. 16]. All Defendants except Defendant Caldwell and the Doe Defendants have been served and have answered the Plaintiff's Second Amended Complaint. [Doc. 49; see Doc. 27]. On February 25, 2020, the Court granted Defendant Dye's motion for an order protecting Defendant

Dye from responding to "Plaintiff's First Set of Interrogatories to Defendant Dye," as the Court had not yet entered a Pretrial Order and Case Management Plan (PTOCMP) in this matter. [Docs. 42, 44]. In its Order, the Court advised that Plaintiff may serve discovery requests once a PTOCMP is entered in the case. [Doc. 44 at 2]. On March 6, 2020, the Court granted Plaintiff's motion for an additional ninety (90) days from the original service deadline of February 12, 2020, to serve Defendant Caldwell. [Doc. 52]. On March 25, 2020, the Court entered a PTOCMP. Under the PTOCMP, the deadline to join or add parties is May 12, 2020; the deadline to complete discovery is July 23, 2020; and the deadline to file dispositive motions is August 22, 2020. [Doc. 53].

Plaintiff now moves to vacate the Court's Order protecting Defendant Dye from responding to Plaintiff's discovery request. [Doc. 54]. The Court will deny this motion as moot. The Order Plaintiff seeks to vacate only prevented Plaintiff from serving discovery requests before entry of the PTOCMP in this case. The PTOCMP has been entered and Plaintiff is free to serve discovery on Defendants. Should Defendants refuse to respond to Plaintiff's duly served discovery requests, the Plaintiff may then engage the Court's assistance in compelling Defendants to respond.

2

Plaintiff also moves for another ninety (90) days under Rule 4(m) of the Federal Rules of Civil Procedure to serve process and for a 90-day extension of the PTOCMP deadlines.[1]  [Doc. 56].  Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  As noted, the Court previously granted Plaintiff a 90-day extension under this rule.  [Doc. 52].

As grounds for these extensions, Plaintiff states that his detention facility in New Mexico has been on a "corona-virus related lockdown" and Plaintiff has temporarily been prevented from accessing his legal materials and from "engaging in discovery, identifying Defendants, locating Defendants and having Defendants served with process."  [Id. at 5].  For good cause shown, the Court will grant Plaintiffs motion in part, allowing Plaintiff another sixty (60) days under Rule 4(m) for service and extending the PTOCMP deadlines by sixty (60) days.

---

[1] Plaintiff's motion requests an extension time to serve process under Rule 4(m) but does not specify which Defendant(s) remain unserved.  [Doc. 56 at 5].  As noted above, from a review of the docket in this matter, it appears that Defendant Caldwell and the Doe Defendants remain unserved.

3

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Vacate Protective Order [Doc. 54] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for an extension of time [Doc. 56] is **GRANTED IN PART** and **DENIED IN PART** in that Plaintiff has an additional sixty (60) days to complete service and the Case Management Deadlines are **HEREBY** extended by sixty (60) days.

**IT IS SO ORDERED**.

Signed: June 8, 2020

Martin Reidinger
Chief United States District Judge