UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ERIK A. HOOKS, et al., )<br>)<br>Defendants. )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Increment Interrogatories Pursuant to Rule 26(b)(2)" [Doc. 61] and Plaintiff's "Third Motion for a 90 Day Extension of Time Within Which to Join Parties, File an Amended Complaint and Serve Process under Rule 4(m)" [Doc. 64].

Pro se Plaintiff Matthew James Griffin's Second Amended Complaint, brought pursuant to 42 U.S.C. § 1983, survived initial review on November 14, 2019, against Defendants Hooks, Guice, Lassiter, Dye, Beaver, Couch, Wallace, Clifton, Quinn, Caldwell, Clawson, and Doe Defendants #2 through #40. [Doc. 16]. All Defendants except Defendant Caldwell and the Doe Defendants have been served and have answered the Plaintiff's Second Amended Complaint. [Doc. 49; see Doc. 27]. On March 6, 2020, the Court granted Plaintiff's motion for an additional ninety (90) days from the original

service deadline of February 12, 2020, to serve Defendant Caldwell. [Doc. 52]. On March 25, 2020, the Court entered a PTOCMP, which set the deadline to join or add parties as May 12, 2020; the deadline to complete discovery as July 23, 2020; and the deadline to file dispositive motions as August 22, 2020. [Doc. 53]. On June 8, 2020, on Plaintiff's motion, the Court allowed Plaintiff an additional sixty (60) days under Rule 4(m) of the Federal Rules of Civil Procedure to serve process on the remaining unserved Defendants, making the deadline to serve July 13, 2020.[1] [Doc. 57]. The Court also extended the scheduling order deadlines by sixty (60) days, making the current discovery deadline September 23, 2020. [Id.].

Plaintiff now moves for an additional ninety (90) days to "join parties, file an Amended Complaint and serve process under Rule 4(m)." [Doc. 64]. As grounds, Plaintiff states that he has "served discovery requests calculated to identify Unknown Doe Defendants and to locate Defendants Caldwell [and] Beaver on June 17th, 19th, 20th and 23rd, 2020.[2] Defendants have not yet responded and their responses are due after the July 11, 2020 deadlines…." [Id. at 4].

---

[1] July 11, 2020 was a Saturday.

[2] Although Plaintiff implies that Defendant Beaver is unserved, he has been served [Doc. 22] and has answered Plaintiff's Second Amended Complaint [Doc. 49].

2

Under Rule 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court---on motion or on its own motion after notice to the plaintiff---must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). As noted, the Court has already allowed Plaintiff one hundred fifty (150) additional days under this Rule. [Docs. 52, 57].

The Court will grant Plaintiff's motion, in part. Plaintiff has failed to show why he needs ninety (90) additional days to serve the newly identified Defendants. Plaintiff states that he served discovery requests calculated to identify the Doe Defendants and to locate Defendant Caldwell in June. The Court will, therefore, allow Plaintiff forty-five (45) additional days from the current deadline of July 13, 2020 to identify, substitute, and serve the Doe Defendants and to serve Defendant Caldwell. Furthermore, the Plaintiff does not explain, why he needs additional time to amend his Complaint. It appears from the circumstances that Plaintiff will merely need to move to substitute the true names of the Doe Defendants, not amend his Complaint again.

Plaintiff also moves the Court to allow Plaintiff "to propound forty (40) interrogatories upon each of the named Defendants, with subparts, unless

3

the subpart relates to a discreet subject matter in which case it would count as a separate interrogatory." [Doc. 61 at 2]. The PTOCMP in this case currently allows each party to propound "no more than **20** interrogatories, including subparts; no more than **20** requests for admissions, and take no more than **6** depositions of non-expert witnesses."[3] [Doc. 53 at 2]. As grounds for his motion, Plaintiff states that he "is a prisoner confined in New Mexico and lack the financial means to pay for a court reporter to take depositions of the named Defendants in this civil action." [Doc. 61 at 1]. Plaintiff also asserts that because he is confined in prison, the increased use of interrogatories is a cost-effective method of discovery. [Id. at 2]. The Court will allow Plaintiff's motion for leave to propound a total of forty (40) interrogatories on each Defendant, but this total is inclusive of subparts in accordance with the PTOCMP in this case.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 64] is **GRANTED IN PART** and **DENIED IN PART** in that Plaintiff shall have until August 27, 2020 to substitute the true names of the Doe Defendants and to serve the newly identified Defendants and Defendant Caldwell.

---

[3] Plaintiff errantly asserts that the current limit on interrogatories is twenty-five (25). [Doc. 61 at 2].

**IT IS FURTHER ORDERED** that Plaintiff's motion for additional interrogatories [Doc. 61] is **GRANTED IN PART** and **DENIED IN PART** in that Plaintiff is allowed a total of forty (40) interrogatories, including subparts, on each Defendant in this matter in accordance with this Order.

**IT IS SO ORDERED**.

Signed: August 4, 2020

Martin Reidinger
Chief United States District Judge