UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00135-MR

| | | |
|---|---|---|
| MATTHEW JAMES GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ERIK A. HOOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Second Motion for Sanctions Under Rules 37(b) and (d)." [Doc. 79].

For the sake of judicial economy and given the nature of the current motion and circumstances, the Court herein incorporates its previous October 14, 2020 Order at Docket No. 77 in this matter for background. In that Order, the Court ordered Defendants Hooks, Dye, and Clawson to respond to Plaintiff's five outstanding discovery requests within 14 days. [Doc. 77 at 5]. The Court also ordered these Defendants to show cause within ten (10) days for Defendants' failure to timely respond to the subject discovery requests. [Id.].

In Defendants' show cause response, counsel provides that, "somehow with the stress and difficulty of working from home during the

Covid-19 crisis, this September date was never entered into the scheduling calendar by undersigned counsel or the assigned support staff." [Doc. 78 at 2]. Counsel further responded that he "understands the Court has been extremely patient regarding the litigation of this matter" and that he "is in the process of working with NCDPS to respond to Plaintiff's discovery request and provide appropriate responses." [Id.].

On November 17, 2020, Plaintiff filed the instant motion in which he states that Defendants Hooks, Dye, and Clawson have still not responded to Plaintiff's five discovery requests, despite the Court's order to do so. [Doc. 79]. Plaintiff now moves the Court to strike these Defendants' Answer [Doc. 49], deem the facts alleged in Plaintiff's Second Amended Complaint [Doc. 13] admitted, and enter default against these Defendants. [Doc. 79 at 6]. Plaintiff also requests the Court to hold these Defendants and their attorney in contempt for their failure to obey the Court's Order [Doc. 77]. [Id. at 6-7].

Before the Court rules on Plaintiff's motion for sanctions, it will order Defendants and their counsel to provide a status update to the Court regarding the outstanding discovery requests, as more fully enumerated in Docket No. 77. The Court will further order Defendants and their counsel to respond to Plaintiff's pending motion and to show cause why sanctions, including but not limited to default judgment against Defendants Hooks, Dye,

and Clawson and/or treating Defendants' failure to comply with the Court's Order [Doc. 77] as contempt of court, should not issue.

<u>The Court notes that it is certainly sympathetic with counsel's current situation.  Counsel's continued failures to adhere to simple deadlines and even orders of this Court, in the instant case and others, however, is not only eminently frustrating and unprofessional, but cost the Court considerable unnecessary loss of its very limited time and resources.  The Court and its staff are also operating within the stress and constraints of the Covid-19 pandemic.  While the Court is duly hesitant to punish a party because of his/her counsel's failures, counsel, at this point, is leaving the Court with little choice.</u>

## ORDER

**IT IS, THEREFORE, ORDERED** that counsel for Defendants Hooks, Dye, and Clawson shall provide the Court with a detailed update on the status of the responses to Plaintiff's outstanding discovery requests within seven (7) days of this Order.

**IT IS FURTHER ORDERED** that counsel for Defendants Hooks, Dye, and Clawson shall, within seven (7) days of this Order, respond to Plaintiff's motion at Docket No. 79 and show cause why sanctions should not issue in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: December 9, 2020

Martin Reidinger
Chief United States District Judge