# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION
## 3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | ) |
| Plaintiff, | ) |
| vs. | ) **ORDER** |
| ERIK A. HOOKS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on the following:

(1) Plaintiff's "Second Motion for Sanctions Under Rules 37(b) and (d)" [Doc. 79];

(2) Plaintiff's "Fifth Motion for a 120 Day Extension of Time Within Which to Join/Substitute Parties and serve process under Rule 4(m)" [Doc. 83];

(3) Plaintiff's "Third Motion for Sanctions Under Rule 37(b) and (d)" [Doc. 86]; and

(4) Plaintiff's "Motion For An Order Requiring Personal Service and Motion for an Order of Substitution" [Doc. 87].

Pro se Plaintiff Matthew James Griffin ("Plaintiff") is a prisoner of the State of New Mexico currently incarcerated at the Penitentiary of New Mexico. He filed this action on March 20, 2019, pursuant to 42 U.S.C. § 1983, asserting claims he alleges arose while he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Before initial review was conducted, Plaintiff filed an Amended Complaint [Doc. 8] and a Second Amended Complaint [Doc. 13]. Plaintiff's Second Amended Complaint survived initial review on November 14, 2019, as specified in the Court's Order. [Doc. 16]. The remaining Defendants in this matter include Erik A. Hooks, W. David Guice, Kenneth E. Lassiter, Eric T. Dye, Kenneth A. Beaver, Finesse G. Couch, Elizabeth D. Wallace, FNU Clifton, FNU Quinn, FNU Caldwell, FNU Clawson, and Doe Defendants #1-#40.

For the sake of judicial economy, especially in this case, which has disproportionately engaged the Court's resources, the Court herein adopts its Orders at Docket Nos. 16, 66, 77, and 80 by reference. The Court has reviewed the relevant filings and procedural history and current posture of this case in detail in determining the pending motions.

The Court finds, based on the totality of circumstances in this case, that issuing the sanctions sought by Plaintiff would not be appropriate at this

2

Case 3:19-cv-00135-MR   Document 91   Filed 03/15/21   Page 2 of 5

time. Although counsel for Defendant has woefully lacked diligence in defending this matter, the delays and non-compliance do not appear the result of bad faith or other malfeasance. The Court will, therefore, deny Plaintiff's motions for sanctions. The Court, however, will order Defendant Hooks to file an update with the Court regarding the status of his long overdue responses to Plaintiff's discovery requests at Docket Nos. 73-7 and 73-8. If Defendant Hooks has responded to these requests, Defendant Hooks shall file a complete copy of his responses with the Court with his status update. If Defendant Hooks has not responded to these requests, Defendant Hooks shall respond to them within fourteen (14) days of this Order and shall file a copy of his responses with the Court contemporaneously with his service on Plaintiff.

Should Defendant Hooks not timely respond to these discovery requests as ordered by the Court here, the Court will strike Defendant Hooks' Answer to the Plaintiff's Second Amended Complaint, order that Plaintiff's factual allegations therein be deemed admitted, and enter default against Defendant Hooks. The Court may also issue additional sanctions against counsel and/or Defendant Hooks, as appropriate, should Defendant Hooks fail to timely respond to these requests. As to the other relief sought by Plaintiff in his pending motions, the Court addressed it below.

3

Case 3:19-cv-00135-MR   Document 91   Filed 03/15/21   Page 3 of 5

# ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions for Sanctions [Docs. 79, 86] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Hooks shall have fourteen (14) days from this Order to file a status update with the Court as set forth above, to fully respond to Plaintiff's discovery requests at Docket Nos. 73-7 and 73-8, and to otherwise comply with the terms of this Order as set forth in detail above.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 87] is **GRANTED** insofar as Christopher Caldwell is substituted for Defendant FNU Caldwell as a Defendant in this matter and the North Carolina Department of Public Safety (NCDPS) shall file under seal the last known address of Defendant Christopher Caldwell, who is believed to be a current NCDPS employee, within seven (7) days of this Order, so that the Court may order service.

**IT IS FURTHER ORDERED** that Plaintiff's motion [Doc. 83] is **GRANTED** insofar as Plaintiff shall have twenty-one (21) days from Defendant Hooks' filing of his discovery responses as set forth in this Order to identify and serve the Doe Defendants in this matter. Should Plaintiff fail to timely identify and serve the Doe Defendants they will be dismissed from

this matter without prejudice and without further notice to Plaintiff.

**IT IS FURTHER ORDERED** that any other relief sought by Plaintiff in the pending motions [Docs. 79, 83, 86, 87] not specifically addressed herein is **DENIED**.

**IT IS FURTHER ORDERED** that the discovery and dispositive motions deadlines in this case are hereby **STAYED** pending further order of the Court.

The Clerk is respectfully instructed to provide a copy of this Order to the NCDPS so that it may comply with this Order.

The Clerk is also directed to update the docket in this matter to reflect the true identify of Defendant FNU Caldwell as Christopher Caldwell.

**IT IS SO ORDERED**.

Signed: March 13, 2021

Martin Reidinger
Chief United States District Judge