UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIC A. HOOKS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on its own motion.

On November 14, 2019, this action survived initial review. [Doc. 16]. Thereafter, completed summonses were provided to the U.S. Marshal for service on the Defendants. [Doc. 17]. The Summons for Defendant FNU Caldwell, however, was returned unexecuted. [Doc. 27]. On March 22, 2021 on the Court's Order [Doc. 91], the North Carolina Department of Public Safety (NCDPS) filed a document under seal providing the last known address for Defendant Caldwell and other information relevant to the inability to obtain service on Defendant Caldwell. [Doc. 92].

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an

incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that Plaintiff provided a completed Summons for service on Defendant Caldwell, service was not obtained. As such, it does not appear that this Defendant actually ever received service of process. With the additional information supplied for service on Defendant Caldwell, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on this Defendant in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 92 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendant Caldwell.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of Court will send a copy of this Order, the Second Amended Complaint [Doc. 13], and Docket No. 92 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Caldwell in accordance with Rule 4.

**IT IS SO ORDERED.**

Signed: April 2, 2021

Martin Reidinger
Chief United States District Judge