# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on its own motion.

On June 14, 2021, the NCDPS filed a document under seal indicating it was unable to procure a waiver of service for Defendants Leslie Bentley and Carlton Joyner for the reasons stated in that document. [Doc. 113]. The sealed document provides the last known addresses for Defendants Bentley and Joyner.

Generally, a plaintiff is responsible for effectuating service on each named Defendant within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule

4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995); Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort").

Here, despite that requests for waivers of service were submitted to the NCDPS, no waivers from Defendants Bentley or Joyner were obtained. As such, it does not appear that these Defendants actually ever received service of process. With the additional information supplied for service on Defendants Bentley and Joyner, the U.S. Marshal is hereby ordered to use reasonable efforts to locate and obtain service on these Defendants in accordance with Rule 4.

To that end, the Court will direct the Clerk of Court to provide a copy of Docket No. 113 to the U.S. Marshal for its eyes only for the sole purpose of serving Defendants Bentley and Joyner.

# **ORDER**

**IT IS, THEREFORE, ORDERED** that the Clerk of Court will send a copy of this Order, the Second Amended Complaint [Doc. 13], and Docket No. 113 to the U.S. Marshals Service. The U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendants Bentley and Joyner in accordance with Rule 4.

**IT IS SO ORDERED**.

Signed: June 15, 2021

Martin Reidinger
Chief United States District Judge

3

Case 3:19-cv-00135-MR   Document 114   Filed 06/15/21   Page 3 of 3