# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 3:19-cv-00135-MR

| | | |
|---|---|---|
| MATTHEW JAMES GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| ERIK A. HOOKS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on Plaintiff's Pro Se "Verified Objection and Motion for Partial Reconsideration of Order (doc. 91)" [Doc. 106] and "Seventh Motion for a 120 Day Extension of Time Within Which to Join/Substitute Parties and Serve Process Under Rule 4(m)" [Doc. 111].

Pro se Plaintiff Matthew James Griffin ("Plaintiff") is a prisoner of the State of New Mexico currently incarcerated at the Southern New Mexico Correctional Facility in Las Cruces, New Mexico. He filed this action on March 20, 2019, pursuant to 42 U.S.C. § 1983, asserting claims he alleges arose while he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Before initial review was conducted, Plaintiff filed an Amended Complaint [Doc. 8] and a Second Amended Complaint [Doc. 13]. Plaintiff's Second Amended Complaint survived initial

review on November 14, 2019, as specified in the Court's Order. [Doc. 16]. At that time, the Defendants in this matter included Erik A. Hooks, W. David Guice, Kenneth E. Lassiter, Eric T. Dye, Kenneth A. Beaver, Finesse G. Couch, Elizabeth D. Wallace, FNU Clifton, FNU Quinn, Christopher Caldwell, and Doe Defendants #2 through #40.[1]

For the sake of judicial economy, especially in this case, which has disproportionately engaged the Court's resources, the Court herein adopts its Orders at Docket Nos. 16, 66, 77, 80, and 91 by reference. On March 15, 2021, the Court ordered Defendant Hooks to fully respond to Plaintiff's discovery requests at Docket Nos. 73-7[2] and 73-8[3] within 14 days. [Doc. 91

---

[1] Plaintiff alleged Does #4 through #10 were supervisors who were present for the assault and allowed Plaintiff to be assaulted. [Doc. 13 at ¶¶ 50-51]. Plaintiff alleged Does #11 through #40: (1) failed to maintain complete or accurate records to track the use of justified or unjustified physical force, which caused and encouraged North Carolina Department of Public Safety (NCDPS) correctional officers and employees to commit acts of misconduct and use of excessive force with impunity; and (2) were aware of a systemic problem in the NCDPS where prisoners in full restraints were taken to areas of prisons with camera "blind spots" and then attacked and beaten by prison staff members and failed to take corrective action. [Id. at ¶¶ 55, 56].

[2] In this request, Plaintiff asked Defendant Hooks to "[p]rovide a complete copy of each Administrative Remedy Procedure (ARP) prison grievance filed within the North Carolina Department of Public Safety (or its predecessor Department of Corrections) from March 21, 2007 through March 21, 2017 that alleges the excessive or unnecessary use of force against a prisoner by prison staff or a correctional officer." [Doc. 73-7 at 3].

[3] In this request, Plaintiff asked Defendant Hooks to "[l]ist the chain of command within the North Carolina Department of Public Safety (NC-DPS) by full name and position or title from the Secretary of the NC-DPS down through each Regional Director ending with the Superintendent or Warden of each North Carolina prison or correctional institution as it existed on March 21, 2017," and to "state the full name and business address of the

at 4]. The Court also allowed Plaintiff 21 days from Defendant Hooks' filing of these discovery responses to identify and serve the Doe Defendants in this matter. [Id.]. The Court stayed the discovery and dispositive motions deadlines pending further order of the Court. [Id. at 5].

Plaintiff has since identified Doe Defendants #2, #3, #4, and #11 as Brandon Bryan, Leslie Bentley, Darren Daves, and Carlton Joyner, respectively. [Doc. 98]. Requests for waivers of service for these Defendants were sent and are due by June 14, 2021. [Doc. 99]. Defendant Caldwell has also been served and has answered Plaintiff's Amended Complaint. [Docs. 101, 105]. In accordance with the Court's Order [Doc. 91], Defendant Hooks responded to Plaintiff's discovery requests at Docket Nos. 73-7 and 73-8. [See Doc. 94 at 4-5; Doc. 94-1; Doc. 97 at 3-5, Doc. 97-1 at 1-6]. Defendant Hooks responded to Plaintiff's request regarding the NCDPS chain of command stating that he was producing Organizational Charts from 2017 and that he would "supplement with any additional Organization Chart from 2017 when available." [Doc. 97-1 at 3]. Defendant Hooks objected to Plaintiff's request for records of all grievances filed by NCDPS prisoners alleging the use of excessive or unnecessary force by prison staff between

---

current holder of that position or title" "[f]or each position or title" so identified. [Doc. 73-8 at 3-4].

March 21, 2007 and March 21, 2017 on several well-founded grounds. [See id. at 4-5].

Finally, on April 27, 2021, Plaintiff sought a 90-day extension of all deadlines in this case because he was transferred to a different facility and lost possession of all his legal materials and case files. [Doc. 104]. The Court granted Plaintiff's motion, in part, insofar as it allowed Plaintiff until May 26, 2021 to identify and serve the remaining Doe Defendants. [5/5/2021 Docket Entry]. The Court advised Plaintiff that, "absent extraordinary circumstances, no further extensions of this deadline will be granted." [Id.].

Plaintiff now "seeks reconsideration of the 21[-]day time limit within Order (doc. 91)" and requests a 180-day extension "so he can file discovery related motions, obtain the identity and location of the unknown Doe Defendants (not yet served) and serve these Defendants." [Doc. 106 at 13]. Plaintiff states that he was transferred to medium custody facility on April 6, 2021[4] and that Defendants did not serve their responses to the Court's March 15, 2021 Order or the ordered discovery responses, appearing at Docket Nos. 94, 94-1, 97, and 97-1, on Plaintiff. [Id. at 3]. Plaintiff stated that he received copies of these documents from "a third person Non-party

---

[4] Plaintiff did not file a Notice of Change of Address until April 27, 2021. [Doc. 102]. The Notice is signed and dated April 18, 2021. [Id.].

via PACER" on May 14, 2021. [Id. at 4]. The Certificates of Service for Docket Nos. 94 and 94-1 reflect that these filings were mailed to Plaintiff at the Penitentiary of New Mexico on March 30, 2021, [Docs. 94 at 7, 94-1 at 6], and the Certificates of Service for Docket Nos. 97 and 97-1 reflect that these filings were mailed to Plaintiff at the same address on April 6, 2021.[5] [Docs. 97 at 7, 97-1 at 6]. As such, it seems most likely that these documents were not received at the Penitentiary of New Mexico until after Plaintiff had been transferred, but before Plaintiff notified the Court of his change of address. Plaintiff, however, contends that the only legal mail that was not forwarded to him at his new address were these documents. [Doc. 106 at 5-6]. Plaintiff also contends that "contrary to their assertions (document 94-1 at Response No 1) no current organizational chart of the NC-DPS was attached" to the filed documents. [Id. at 6]. Finally, Plaintiff contends that Defendants responded to Plaintiff's discovery requests at Docket Nos. 73-7 and 73-8 with "blanket objections to each request and produced no

---

[5] Plaintiff contends these Certificates of Service are "defective" because, in each, "opposing counsels [*sic*] certifies that service by mailing upon plaintiff has occurred on a specific date that actually preceeds [*sic*] the alleged service date, which makes them necessarily untrue and impossible." [Doc. 106 at 4; see id. at 9-10]. Plaintiff's complaints are unfounded. It is obvious that counsel signed the Certificates of Service on the dates indicated knowing that they would not be mailed until the next day, which seems a natural incident to working from home during the pandemic. Plaintiff would be well-served not to continue raising superfluous and unnecessary arguments in his filings with this Court. They are extremely wasteful of judicial time and resources.

information or charts that would identify and locate the unknown Doe Defendants as ordered by the Court."[6]  [Id. at 7].  Plaintiff, however, seeks no relief relative to these responses.  [See id.].

A few days later, Plaintiff filed his seventh motion for a 120-day extension of time to substitute the true names of the remaining Doe Defendants and to serve process under Rule 4(m).  [Doc. 111].  As grounds, Plaintiff states that Defendants and their counsel "continue to engage in dilatory tactics" and "refuse to provide the names and location of the Unknown Doe Defendants #5 through #10 and #12 through #40."  [Id. at 4].  Plaintiff claims that he sought this information in his discovery requests at Docket Nos. 73-7 and 73-8 and that the Court ordered Defendants "to fully respond" to these requests.  [Id. at 4-5 (citing Doc. 77)].  Plaintiff reiterates that Defendants responded with blanket objections to these requests and failed to serve the responses on Plaintiff, causing further delay.  [Id. (citing Docs. 94-1 and 97-1)].  Plaintiff states that, "as evidenced by the filing in the record proper" and contrary to Defendant Hooks' assertions, Defendant Hooks did not attach the NCDPS Organizational Chart to his response. Plaintiff states that he "requires a 120 day extension of time to obtain his

---

[6] Plaintiff also "objects to Defendants [*sic*] failure to serve documents 94, 94-1, 97 and 97-1 upon plaintiff and preserves this issue for appellate review."  [Doc. 106 at 13].

case file from prison officials, compel discovery in this matter, seek [R]ule 37 sanctions, identify and locate the unknown Doe Defendants and serve process on the same." [Doc. 111 at 6].

The Court will grant Plaintiff's motions in part. Because it appears that Plaintiff never received copies of any documents that were produced with Defendant Hooks' recent discovery responses, the Court will order Defendant Hooks to again serve the responses and any documents produced therewith, including the referenced Organizational Chart and any other charts Hooks stated that he would later supplement. In this regard, the Court will allow Plaintiff additional time to identify and serve any remaining Doe Defendants he may glean from this discovery. Plaintiff, however, is advised that Defendant Hooks' response to Plaintiff's request seeking ten years' worth of grievances by prisoners in NCDPS custody was appropriate and would be sustained on a motion to compel by Plaintiff.

The Court will also set the deadlines to complete discovery and to file dispositive motions in this matter. Because any additional Doe Defendants that may be identified and named by Plaintiff will also very likely be represented by the same counsel representing the current named Defendants and because the issues with any newly identified Defendants would be the same as at least some of the current Defendants, the discovery

deadline will be relatively short.

The Court expects the parties and counsel for Defendants to act as expeditiously as possible given the age of this case. The Court admonishes the parties to avoid all unnecessary delay and other barriers in responding to discovery and readying this case for the filing of dispositive motions. **<u>In this regard, the parties are cautioned that any motions to extend these deadlines will be highly disfavored and only granted in the event of extraordinary circumstances.</u>** Attorney caseloads and deadlines in other matters are not extraordinary circumstances.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 106, 111] are **GRANTED IN PART** insofar as Plaintiff shall have thirty (30) days from this Order to identify and serve any remaining Doe Defendants. Any other relief sought by Plaintiff in these Motions [Docs. 106, 111] not specifically addressed herein is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Hooks shall again serve his responses to Plaintiff's discovery requests at Docket Nos. 73-7 and 73-8, including all documents produced therewith and any intervening supplements, on Plaintiff within seven (7) days of this Order <u>by Certified Mail Return Receipt or other verifiable mail delivery service</u>. Defendant Hooks

shall also file these responses and documents with the Court within seven (7) days of this Order.

**IT IS FURTHER ORDERED** that the deadline to complete discovery in this matter is September 8, 2021 and the deadline to file dispositive motions is October 8, 2021.

**IT IS SO ORDERED**.

Signed: June 18, 2021

Martin Reidinger
Chief United States District Judge