UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CV-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | **DEFENDANTS' RESPONSE TO** |
| ) | **ORDER [D.E. 121] REGARDING** |
| v. ) | **PLAINTIFF'S MOTION TO** |
| ) | **COMPEL DISCOVERY AND** |
| ERIC A. HOOKS, et al. ) | **MOTION FOR SANCTIONS** |
| ) | |
| Defendants. ) | |

NOW COME Defendants Eric A. Hooks, Eric T. Dye, and Jeffrey S. Clawson (hereinafter "Responding Defendants"), by and through undersigned counsel, and hereby provide a response to the Court's order [D.E. 121] regarding Plaintiff's Motion to Compel Discovery and Motion for Sanctions:

1. On June 25, 2021, copies of the discovery responses were resent, by certified mail, to Plaintiff again as requested by the court. *See* Attached Certified Mail Receipt- *Exhibit 1*

2. On June 29, 2021, the resent discovery responses were received in Las Cruces, New Mexico. *See* Attached tracking receipt from USPS Tracking- *Exhibit 2*

3. Undersigned counsel has attached as an exhibit the cover letter dated June 25, 2021 sent with the discovery responses to Plaintiff. *Exhibit 3*

4. Undersigned counsel has attached as an exhibit the discovery responses sent. *Exhibit 4*

5. Undersigned counsel's office accidentally did not send a copy of the discovery to the court although it was sent again to Plaintiff and the certified receipt shows that it was delivered and received. *Exhibits 1-3*

6. In Plaintiff's motion, Plaintiff <u>does not state that he did not receive the resent discovery responses only that they were not sent to the court</u>. (D.E. 118 ¶¶ 4,5)

7. Plaintiff was not prejudiced by the fact that they were accidentally not sent to the court and did in fact receive the resent discovery responses.

8. Undersigned counsel has also attached the 2017 organizational charts he received from NCDPS general counsel's office that has been produced to Plaintiff. *Exhibit 5*

9. All this material had already been sent to Plaintiff in March, 2021 prior to the June, 2021 resending pursuant to the court's order.

10. Plaintiff asks to "List the chain of command within the North Carolina Department of Public Safety (NC-DPS) by full name and position or the secretary of the NC-DPS down through each Regional Director ending with the Superintendent or warden of each North Carolina prison or correctional institution, as it existed on March 21, 2017."

11. In March 2021 and June 2021 Defendants provided as a response**:** Objection. This interrogatory is overly broad, harassing and which request information that will not lead to discoverable evidence. There are dozens of North Carolina prisons or correctional institutions. The Superintendents or wardens of these facilities are not relevant to this case since this incident occurred at Alexander Correctional Institution. <u>Without waiving the above-stated objections, Defendants see Organizational Charts of NCDPS from 2017. Defendant will supplement with any additional Organizational Chart from 2017 when available</u>.

12. Plaintiff asks "For each position or title identified in your answer to Interrogatory No. 1 of this set, state the full name and business address of the current holder of that position or title"

13. In March 2021 and June 2021, Defendant provided as a response: Objection. This interrogatory is overly broad, harassing and which request information that will not lead to discoverable evidence. There are dozens of North Carolina prisons or correctional institutions. The Superintendents or wardens of these facilities are not relevant to this case since this incident occurred at Alexander Correctional Institution. Without waiving the above-stated objections, the NCDPS address is 4201 Mail Service Center, Raleigh, NC 27699-4201.

14. **Plaintiff** asks "Provide a complete copy of each Administrative Remedy Procedure (ARP) prison grievances filed within the North Carolina Department of Public Safety (or its predecessor Department of Corrections) from March 21, 2017 through March 21, 2017 that alleges excessive or unnecessary use of force against a prisoner by prison staff or a correctional officer"

15. In March 2021 and June 2021, Defendants provided as a response: Objection Defendant objects to every request for this production in that is it is overly broad, unduly burdensome, harassing, and which requests documents that will not lead to discoverable evidence. Responding to this request would require Defendant to view thousands of documents related to alleged use of force incidents that occurred over a ten year period in over a dozen facilities involving hundreds if not thousands of inmates. Additionally, the document retention policy is only three years for these types of records. Even with only three years of records, it would be unduly burdensome and take hundreds of hours pulling these records. Defendant would have to redact all personal identifiable information. This is unduly burdensome and overly broad, particularly in light of previous responses in which Defendants have already produced over 700 pages to Plaintiff regarding the incident in

3

question including medical records, interviews, incident reports, video, photographs, etc. To request all grievances filed over a ten year period is overly broad and unduly burdensome. Additionally just because a grievance was filed does not indicate whether use of force occurred. Plaintiff already has in his possession the grievances he filed during his time with NCDPS before being transferred back to New Mexico. Pursuant to statute, prison records are maintained in a classified manner, N.C.G.S. § 148-76, "under the control and direction of the Secretary of Public Safety ['Secretary']," id. § 148-74. The records of prisoners in the custody of the Department of Public Safety ("DPS"), Division of Adult Correction ("DAC") are confidential and are not subject to inspection by the public or the inmate or those acting on behalf of the inmate. *Goble v. Bounds*, 13 N.C. App. 579, 186 S.E.2d 638, *aff'd* 281 N.C. 307, 188 S.E.2d 347 (1972). All such documents remain classified, confidential, privileged and under the control and direction of the Secretary. Per law, NCDPS records may not be shared with other inmates.

16. When undersigned counsel originally received Plaintiff's discovery he contacted NCDPS general counsel's office to request any 2017 organizational charts or information that would be relevant to Plaintiff's discovery request.

17. NCDPS general counsel's office contacted several people within the organization that might have an organizational chart or information that would be relevant to Plaintiff's discovery request.

18. The only organizational chart from 2017 that would be relevant to Plaintiff's discovery request and produced to Plaintiff is attached as Exhibit 5.

19. NCDPS checked their historical organizational charts and they do not have a prison specific organization chart from 2017.

20. This is why in March 2021 and June 2021, undersigned provided the objection and response to Plaintiff's discovery producing the one 2017 organizational chart and stating that any additional 2017 organizational charts would be produced if discovered.

21. Undersigned counsel has gone back to NCDPS general counsel's office several times to try and find additional 2017 organizational charts or additional information that would be relevant to respond to Plaintiff's discovery request.

22. Positions at NCDPS change frequently so without a specific organizational chart created in that specific time period in 2017 it is difficult to accurately determine who exactly is at a certain position on a certain date on March 21, 2017, over four years ago.

23. Although no organization chart from 2017 was ever located, undersigned counsel has been able to work with NCDPS general counsel's office and try and put together a chain of command from the Warden of Alexander Correctional to the Chief Deputy Secretary of NCDPS.

24. Upon information and belief, the Warden of Alexander Correctional reports to the Regional Director. The Regional Director reports to the Commissioner of Prisons. The Commissioner of Prisons reports to the Deputy Secretary of NCDPS. The Deputy Secretary of NCDPS reports to the Chief Deputy of NCDPS. The NCDPS address is 4201 Mail Service Center, Raleigh, NC 27699-4201.

25. Upon information and belief, Carlos Hernandez was the warden of Alexander Correctional Institution in 2017 but has since retired. Eric Dye is acting as the interim Warden of Alexander Correctional Institution at this time.

26. Upon information and belief, Ladonna Brownee was the Regional Director in 2017 and is currently in that position.

27. Todd Ishee is the Commissioner of Prisons. Upon information and belief, Todd Ishee held that position in 2017.

28. Tim Moose is the Deputy Secretary of NCDPS. Upon information and belief, Ken Lassiter held that position previously.

29. Erik A. Hooks is the Chief Deputy of NCDPS. Upon information and belief, David Guice held that position previously.

30. Plaintiff's lawsuit stems from an alleged excessive use of force incident that occurred at Alexander Correctional Institution on March 21, 2017, that Plaintiff alleges Defendants Caldwell, Quinn, Clawson and Does#2 through #10 participated in while working on the job as correctional officers at Alexander Correctional Institution. D.E. 1

31. Plaintiff has already sued the North Carolina Department of Public Safety ("NCDPS"), the Secretary of the N.C. Department of Public Safety, Defendant Eric A. Hooks, Chief Deputy Secretary of NCDPS, W. David Guice, Director of Prisons for NCDPS, Kenneth E. Lassiter, Assistant Superintendent at Alexander Correctional Institution, Eric T. Dye, Superintendent at Alexander, Kenneth A. Beaver, Executive Director of NCDPS, Finesese G. Couch, Investigator/Examiner of NCDPS, Elizabeth D. Wallace, Captain Hamilton, Lieutenant Clifton, Sergeant Quinn, Officer Caldwell and Unknown Doe's #1-#40. (D.E. 13)

32. All these defendants would be sued for alleged actions done while working in their employment for NCDPS.

33. Plaintiff, filed his Complaint on March 20, 2019, alleging violations of his Eighth Amendment rights pursuant to 42 U.S.C § 1983. (D.E. 1).

34. Plaintiff filed his First Amended Complaint on 23 May, 2019. (D.E. 8).

35. Plaintiff filed his Second Amended Complaint non 5 June 2019. (D.E. 13)

36. This Court completed its frivolity review on 14 November 2019, allowing claims to continue as to Defendants Hooks, Couch, Guice, Lassiter, Beaver, Clawson, Quinn, Dye, Walker, Clifton and Caldwell.  (D.E. 16).

37. On 2 March 2020, Defendants filed their Answer to Plaintiff's Amended Complaint. (D.E. 49)

38. On March 10, 2020, North Carolina Governor Roy Cooper declared a state of emergency for the State of North Carolina in response to the COVID-19 virus, a highly contagious respiratory virus that may cause serious illness or death.

39. Due to the COVID-19 pandemic and the consequent unique health, administrative, and custodial challenges that the state's prisons are facing, state prisons are presently requiring their correctional staff and medical staff to focus almost exclusively on the administration and management of direct and immediate correctional issues, not litigation.  Thus, the COVID-19 pandemic has made all communications between the undersigned and Defendants' (as well as Defendants' relevant co-workers) impracticable during the current state of emergency.  As a result, Defendants' (and certain relevant co-workers) are currently severely limited in their ability to actively and meaningfully assist in the preparation of a response in this matter during the state of emergency, including providing declarations in support of Defendants' response to Plaintiff's discovery requests.

40. As a result of Covid-19, undersigned counsel and support staff are still all working from home, managing extremely high levels of stress from extra work responsibilities, school closures, helping with online schooling as well as the difficulty of maintaining a large case load because of several attorneys and paralegals leaving the section.

7

Case 3:19-cv-00135-MR     Document 122     Filed 07/29/21     Page 7 of 10

41. Prior to Plaintiff filing his Motion to Compel, undersigned counsel never received Plaintiff's meet and confer letters and was certainly unaware that discovery a had been served and was due. Because almost all staff are at home, receiving and processing large quantities of mail in the public safety section has been difficult to say the least.

42. Plaintiff Matthew Griffin has filed multiple concurrent federal lawsuits in the Eastern, Middle and Western District Court of North Carolina.

43. In all these federal lawsuits, Plaintiff has served multiple sets of handwritten discovery requesting similar documents and information from Defendants who appear in different lawsuits.

44. It is unclear whether Plaintiff actually serves the discovery responses or just includes them as attachments to his motions to the court.

45. Defendants have tried to diligently respond to these discovery request and try to keep track of Plaintiff's multiple lawsuits and multiple sets of discovery.

46. Undersigned counsel has at all times acted in good-faith and attempted to move the litigation forward with the current restrictions imposed.

47. As shown, in December 2020, undersigned counsel produced over 700 pages of documents in response to the request for production of documents served by Plaintiff in this case. This includes the incident report, medical records, photos, interviews, etc. and other documents so Plaintiff can litigate this case.

48. Defendant will continue to supplement the discovery responses as additional information may become available.

49. For the following reasons undersigned counsel request that Plaintiff's Motions to Compel and Motions for Sanctions, should be denied.

# **CONCLUSION**

WHEREFORE, for the foregoing reasons, Plaintiff's Motion to Compel Discovery and Motions for Sanctions should be denied.

This the 29th day of July, 2021.

JOSHUA H. STEIN
ATTORNEY GENERAL


/s/Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice
Public Safety Section
9001 Mail Service Center
Raleigh, North Carolina 27699-9001
Telephone: (919) 716-6568
Facsimile: (919) 716-6761
E-Mail: bnichols@ncdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the DEFENDANTS' RESPONSE TO ORDER [D.E. 121] REGARDING PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND MOTION FOR SANCTIONS with the Clerk of the Court using the CM/ECF system. I further certify that on July 30, 2021, I mailed a copy of the attached document by first class mail, postage pre-paid, to the following non-CM/ECF participant:

> Matthew James Griffin
> NMCD# 39704
> Southern New Mexico Correctional Facility
> PO Box 639
> Las Cruces, NM 88004

This the 29th day of July, 2021.

/s/Bryan G. Nichols
Bryan G. Nichols