UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,   )<br>                              )<br>        Plaintiff,           )<br>                              )<br>vs.                           )          **ORDER**<br>                              )<br>ERIK A. HOOKS, et al.,       )<br>                              )<br>        Defendants.           )<br>_____) | |

**THIS MATTER** is before the Court on the following motions by Plaintiff:

(1) Fourth Motion for Sanctions Under Rule 37(b) and (d) [Doc. 118];

(2) First Motion for a 90 Day Extension of Time Within Which to Complete Discovery and file Dispositive Motions [Doc. 131];

(3) Supplemental Motion for a 90 Day Extension of Time Within Which to Complete Discovery [Doc. 132];

(4) Motion to Substitute the Honorable Reuben Young for Unknown Doe #12 [Doc. 134];

(5) Motion to Take Depositions and Set the Conditions Upon Which Depositions Are Conducted at the Prison [Doc. 135]; and

(6) Motion to Set the Conditions Upon Which Depositions Are Conducted at the Prison [Doc. 136].

Also before the Court are Defendant Hooks' Response to the Court's July 28, 2021 Show Cause Order and the Plaintiff's Reply to this Response. [Docs. 122, 133]. For the sake of judicial economy, the Court herein incorporates its Orders at Docket Nos. 77, 80, 91, 116, and 121 in this matter.

As to Plaintiff's Fourth Motion for Sanctions, it is denied. The Court has reviewed Defendant Hooks' response to the Court's show cause order on this issue, as well as Plaintiff's reply, and is satisfied that sanctions are not warranted at this time.

Plaintiff moves to substitute "the Honorable Reuben Young," who Plaintiff recently identified as the Deputy Secretary of the North Carolina Department of Public Safety (NCDPS), for Unknown Doe #12. [Doc. 134]. The Court will grant Plaintiff's motion to substitute and direct the Clerk to begin the service process on Defendant Young.

The Pretrial Order and Case Management Plan in this case was entered on March 25, 2020. [Doc. 53]. It allows each party to propound no more than 20 interrogatories and no more than 20 requests for admission and take no more than 6 depositions of non-expert witnesses. [Id. at 2]. On June 29, 2020, Plaintiff moved for permission to serve 40 interrogatories on each named Defendant. As grounds, Plaintiff stated that he "is a prisoner confined in New Mexico and lacks the financial means to pay for a court

reporter to take depositions of the named Defendants in this civil action. [Doc. 61 at 1]. Plaintiff also asserted that because he is confined in prison, the increased use of interrogatories is a cost-effective method of discovery. [Id. at 2]. The Court granted Plaintiff's motion and allowed Plaintiff to propound a total of 40 interrogatories, inclusive of subparts in accordance with the PTOCMP in this case. [Doc. 66 at 4-5]. The PTOCMP set the discovery deadline as July 23, 2020 and the dispositive motions deadline as August 22, 2020. [Doc. 53 at 1]. After a 60-day extension on Plaintiff's motion [Doc. 57] and after having been stayed from March to June 2021 [Docs. 91, 116], the current deadline to complete discovery in this matter is September 8, 2021 and the dispositive motions deadline is October 8, 2021. [Doc. 116]. Most recently, the Court admonished the parties "to avoid all unnecessary delay and other barriers in responding to discovery and readying this case for the filing of dispositive motions. [Doc. 116 at 8]. The Court further cautioned the parties that "**any motions to extend these deadlines will be highly disfavored and only granted in the event of extraordinary circumstances**." [Id. (emphasis in original)].

Plaintiff now moves for a 90-day extension of these deadlines. [Docs. 131, 132]. As grounds, Plaintiff states that he served discovery requests on Defendants Hooks, Lassiter, and Couch on August 4, 2021 and that Plaintiff

3

anticipates that Defendants will not timely serve their responses to these requests "given Defendants history of delay." [Doc. 131 at 3]. Plaintiff also argues that Defendants' past failures to comply with Court orders and dilatory conduct "prevents plaintiff from engaging in discovery against the Unknown Doe Defendants." [Id. at 4]. In Plaintiff's contemporaneously filed supplemental motion for an extension of these deadlines, Plaintiff argues that he needs additional time because Defendants Joyner, Bryan, and Daves[1] have only recently filed their Answer to Plaintiff's Complaint on July 29, 2021, and because Plaintiff has not had the opportunity to engage in discovery with newly identified Defendant Young. [Doc. 132 at 1, 3, 5].

Plaintiff's motions will be denied. As admonished, the Court will not extend the discovery and dispositive motions' deadlines absent extraordinary circumstances. Plaintiff's prediction that Defendants will fail to timely respond to discovery is not an extraordinary circumstance. Moreover, the Court has allowed Plaintiff many extensions to identify and serve the Doe Defendants in this matter, [Docs. 66, 77, 91, 116, 121; 5/5/2021 Text Order],

---

[1] When Defendants Bryan, Daves, and Joyner were substituted for Unknown Does #2, 4, and 11, Defendant Leslie Bentley was substituted for Unknown Doe #3. [See Doc. 98]. Waivers of service were obtained for Defendants Bryan and Daves. [Docs. 99, 112]. Defendants Bentley and Joyner were served with summons and complaint and their answers were due on July 15, 2021 and July 19, 2021, respectively. [Docs. 124, 125]. Defendants Joyner, Bryan, and Daves filed an answer, [Doc. 123], but Defendant Bentley has not. The Court, therefore, will order Plaintiff to take further action to prosecute this action against Defendant Bentley.

and recently ordered Defendant Hooks to respond to Plaintiff's discovery requests to allow Plaintiff to identify the remaining Doe Defendants in sufficient time before the conclusion of discovery,[2] [Doc. 121]. Plaintiff claims he needs more time because Defendants Bryan, Daves, and Joyner's only recently answered Plaintiff's Complaint and because Plaintiff has not had the opportunity to engage Defendant Young in discovery. A review of the pleadings in this matter shows that the issues relevant to these Defendants are shared with those of other Defendants that have been known since the inception of this action. Moreover, Plaintiff recently filed several Certificates of Service reflecting service of certain new discovery requests on Defendants Hooks, Couch, and Lassiter. [Doc. 126-129]. The identity of these Defendants has been known to Plaintiff since the inception of this lawsuit. As far as the Court is aware, however, Plaintiff has not served discovery on Defendants Bryan, Daves, or Joyner, despite their having answered Plaintiff's Second Amended Complaint before Plaintiff served these new discovery requests on Hooks, Couch, and Lassiter. As such, if

---

[2] Moreover, the parties were specifically advised that, "[b]ecause any additional Doe Defendants that may be identified and named by Plaintiff will also very likely be represented by the same counsel representing the current named Defendants and because the issues with any newly identified Defendants would be the same as at least some of the current Defendants, the discovery deadline will be relatively short." [Doc. 116 at 8].

5

Plaintiff needed to engage Defendants Bryan, Daves, and Joyner in discovery he would and should have done so before now, especially given the Court's admonitions to the parties. As to Defendant Young, there are no unique allegations against him. Rather, the Plaintiff's allegations against Young, as Unknown Doe #12, are identical to those against Defendant Joyner and overlap in many respects with the allegations against Defendants Hooks, Guice, Lassiter, Beaver, Dye, Beaver, Couch, Wallace, Hamilton, and Clifton, who were identified in Plaintiff's original Complaint. [See Docs. 1, 13]. Finally, Defendants' Answers have been nearly identical, and all have denied the material allegations of Plaintiff's Second Amended Complaint. [See Docs. 49 (Answer of Defendants Hooks, Couch, Guice, Lassiter, Beaver, Clawson, Quinn, Dye and Wallace), 105 (Answer of Defendant Caldwell), and 123 (Answer of Defendants Joyner, Bryan and Daves)]. As such, there is no reason to believe Defendant Young's will be any different, especially given that there are no unique allegations against him. Accordingly, the totality of the circumstances here, including the history of this litigation, do not warrant additional time to conduct discovery or to file dispositive motions.

Finally, Plaintiff files two substantially similar motions regarding the conduct of depositions in this case. [Docs. 135, 136]. In the first, Plaintiff

6

asks the Court for an Order allowing Plaintiff "to take depositions of each of the named Defendants" and "setting the conditions under which the depositions will be taken" at his place of incarceration. [Doc. 135 at 1]. The motion sets forth an overly exhaustive and unnecessary list of deposition conditions. [See id. at 2-4]. In the second motion, filed contemporaneously with the first, Plaintiff again moves for an Order "setting the conditions upon which depositions may be conducted at the prison in this civil action." [Doc. 136 at 1]. This motion sets forth another laundry list of deposition conditions, mostly duplicative of the first motion, and asks that depositions only "be taken on no less that fourteen (14) days notice." [Id. at 3]. Attached to these motions is Plaintiff's August 6, 2021 "meet and confer" correspondence to defense counsel requesting consent to the deposition conditions set forth in the first motion. These depositions motions are dated August 9, 2021 and were filed on August 25, 2021.[3]

The Court will deny these motions for several reasons. First, in allowing Plaintiff to serve up to 40 interrogatories on each Defendant, the Court relied on Plaintiff's claim that additional interrogatories were needed because Plaintiff, who is incarcerated in New Mexico, could not conduct

---

[3] As such, there is no conceivable way defense counsel could have received and responded to Plaintiff's August 6, 2021 "meet and confer" letter before Plaintiff prepared these deposition motions.

7

Case 3:19-cv-00135-MR   Document 137   Filed 09/07/21   Page 7 of 9

depositions in this case. Second, the PTOCMP has been entered in this case since March of 2020. If Plaintiff intended to take depositions, he should not have waited until the eve of the close of a very protracted discovery period to begin that process. Third, Plaintiff asks to take the depositions of all fifteen parties in this case yet has not sought leave to take more than the maximum six depositions set in the PTOCMP. Fourth, Plaintiff asks that fourteen days' notice be required to take a deposition yet failed to file these deposition motions until the end of the extended discovery period. Finally, Plaintiff's "meet and confer" letter fails to satisfy Rule 37(a)(1) of the Federal Rules of Civil Procedure. Plaintiff asked defense counsel to consent to a long list of deposition conditions and then, without even allowing defense counsel sufficient time to respond, filed motions with the Court asking for orders setting these deposition conditions and allowing Plaintiff to depose all Defendants in this action. Plaintiff, however, never sought to notice the deposition of any Defendant in this case and has not shown that Defendants or defense counsel failed to engage in the requested discovery. As such, the Court exercises its discretion to deny Plaintiff's deposition motions.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motions [Docs. 118, 131, 132, 135, 136] are **DENIED** in accordance with the terms of this Order.

8

Case 3:19-cv-00135-MR   Document 137   Filed 09/07/21   Page 8 of 9

**IT IS FURTHER ORDERED** that Plaintiff's motion to substitute [Doc. 134] is **GRANTED**. The Clerk is instructed to substitute Defendant Reuben Young for Unknown Doe #12.

**IT IS FURTHER ORDERED** that Plaintiff shall take further action to prosecute this case against Defendant Bentley within fourteen (14) days of this Order. Failure to take any such further action shall result in the dismissal of this Defendant without prejudice.

The Clerk is respectfully instructed to provide a copy of this Order and Docket No. 134-2 at 2-3 to the U.S. Marshal for service of Summons and Second Amended Complaint [Doc. 13] on Defendant Young.

**IT IS SO ORDERED**.

Signed: September 6, 2021

Martin Reidinger
Chief United States District Judge