```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
        CHARLOTTE DIVISION
          3:19-cv-00135-MR
```

| | |
|---|---|
| MATTHEW JAMES GRIFFIN,   ) | |
| ) | |
| Plaintiff,   ) | |
| ) | |
| vs.   ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, et al.,   ) | |
| ) | |
| Defendants.   ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Stay Proceedings. [Doc. 139].

For the sake of judicial economy, the Court herein incorporates its Orders at Docket Nos. 77, 80, 91, 116, 121, and 137 in this matter.

Plaintiff moves the Court to temporarily stay the proceedings in this matter. [Doc. 139]. As grounds, Plaintiff states that he "is not in possession of his full case file in this matter" and the remainder of the file is "in the legal storage area of the prison." [Id. at 2]. Plaintiff states that he has been unable to access his stored legal materials due to staffing shortages and COVID restrictions. [Id.]. Plaintiff was advised in response to a request to access his stored legal property that, due to COVID restrictions, he "may not be able to access [his] legal storage until further notice." [Id. at 8]. Plaintiff states

that he "can not [*sic*] prosecute this case without his complete case file." [Id.]. He asks for a 60 to 90 day stay so that he can file motions related to "a) discovery b) rule 4(m) and to c) vacate the current scheduling order." [Id.].

The Court will deny Plaintiff's motion. The discovery period in this case is closed. As such, discovery motions would not be entertained in any event. Similarly, the deadline, after many extensions, for Plaintiff to identify and serve the Doe Defendants in this matter has also expired. Moreover, the record reflects that Plaintiff received responses to discovery requests that were designed to identify any remaining Doe Defendants in sufficient time to meet the extended deadline before it expired. As such, any motions for additional time under Rule 4(m) to identify and serve Defendants in this matter would be denied.

Finally, Plaintiff states he needs the proceedings to be stayed so that he can move to vacate the current scheduling order. There are no grounds for such relief and the Court will not stay these proceedings so that Plaintiff may have time to pursue a fruitless endeavor.

The dispositive motions deadline in this case is October 8, 2021. [Doc. 116]. As previously, repeatedly admonished, the Court will not extend the dispositive motion's deadline in this case absent extraordinary circumstances. And the Court will not sua sponte extend this deadline on

the record before it.  Should Plaintiff not gain access to legal property required for him to adequately prepare a dispositive motion or respond to Defendants' dispositive motion(s), he may seek an extension of this deadline.  Plaintiff is admonished, however, that he should include documentation evidencing the unavailability of the legal property he requires with any such motion.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 139] is **DENIED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: September 16, 2021

Martin Reidinger
Chief United States District Judge