# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| ERIK A. HOOKS, et al., ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Stay Proceedings. [Doc. 141].

Pro se Plaintiff Matthew James Griffin ("Plaintiff") is a prisoner of the State of New Mexico currently incarcerated at Lea County Correctional Facility in Hobbs, New Mexico. He filed this action on March 20, 2019, pursuant to 42 U.S.C. § 1983, asserting claims he alleges arose while he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Plaintiff's Complaint survived initial review on November 14, 2019 in accordance with the Court's Order. [Doc. 16]. On March 25, 2020, the Court entered its Pretrial Order and Case Management Plan (PTOCMP), which set the dispositive motions deadline as August 22, 2020. [Doc. 53]. After having been stayed and extended, the dispositive motions

deadline in this matter is now October 8, 2021. [Doc. 116].

Plaintiff recently moved for an "60 to 90 day stay" in this case, which the Court denied for the reasons stated in that Order. [Doc. 140]. In its Order, the Court admonished Plaintiff, as it had previously, that it would not extend the dispositive motions deadline in this case again absent extraordinary circumstances. [Id.].

Plaintiff now moves to stay the proceedings in this matter for 120 days.[1] [Doc. 141]. As grounds, Plaintiff states that on September 7, 2021 he was transferred from Southern New Mexico Correctional Facility in Las Cruces, New Mexico, to his current place of incarceration and that all his legal documents, case files, and law books remain at his previous facility. [Id. at 1]. Plaintiff contends that he "cannot respond or prosecute in this matter without [his] legal materials." [Id.].

The Court will deny Plaintiff's motion to stay. There is no reason to stay these proceedings and certainly not for 120 days, as requested by Plaintiff. So far, Plaintiff has shown only that from September 7, 2021 to September 16, 2021, when he filed the pending motion, that he did not have his legal property. If anything, it appears Plaintiff may need additional time

---

[1] Plaintiff's motion is dated and postmarked September 16, 2021. [Doc. 141 at 2; Doc. 141-1].

to file and/or respond to dispositive motions. Should Plaintiff not receive his property in sufficient time to meet the dispositive motions deadline and/or to respond to Defendants' dispositive motion(s), he may move for a reasonable extension of the applicable deadline. Plaintiff is admonished, however, that he must include documentation evidencing the unavailability of the legal property he requires with any such motion.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 141] is **DENIED** in accordance with the terms of this Order.

**IT IS SO ORDERED**.

Signed: September 22, 2021

Martin Reidinger
Chief United States District Judge