# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00135-MR

| | |
|---|---|
| MATTHEM JAMES GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Defendants' motion for extension of the dispositive motion's deadline, [Doc. 145], and Plaintiff's "Third Motion to Compel Discovery," [Doc. 146].

Pro se Plaintiff Matthew James Griffin ("Plaintiff") is a prisoner of the State of New Mexico currently incarcerated at Lea County Correctional Facility in Hobbs, New Mexico. He filed this action on March 20, 2019, pursuant to 42 U.S.C. § 1983, asserting claims he alleges arose while he was incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. Plaintiff's Complaint survived initial review on November 14, 2019 in accordance with the Court's Order. [Doc. 16]. On March 25, 2020, the Court entered its Pretrial Order and Case Management Plan (PTOCMP), which set the discovery deadline as July 23, 2020 and the

dispositive motions deadline as August 22, 2020. [Doc. 53]. After having been stayed and extended, the discovery deadline in this matter was September 8, 2021 and the dispositive motions deadline was October 8, 2021. [Doc. 116]. The Court has previously admonished the parties several times that it would not further extend these deadlines absent extraordinary circumstances. [See Docs. 116, 137, 140].

On August 16, 2021, Plaintiff filed Certificates of Service, as he has been prone to do in this case, for various discovery requests on Defendants. [Docs. 126-129]. These Certificates of Service are dated August 4, 2021 but the envelope transmitting them is not postmarked until August 12, 2021. [Id., Docs. 126-1, 127-1, 128-1, 129-1]. There is, therefore, some question regarding whether Plaintiff timely served these discovery requests. See Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A); Doc. 53 at 2-2 ("Parties are directed to initiate discovery requests … sufficiently in advance of the discovery completion deadline so as to comply with this Order.").

On October 8, 2021, Defendants moved for a 14-day extension of the dispositive motion's deadline, which would have made the deadline October 22, 2021. [Doc. 145]. As grounds, defense counsel states that he "has had to obtain numerous affidavits from different staff of the North Carolina Department of Public Safety and also retired employees who are no longer

associated with NCDPS." [Id. at 2]. Defense counsel states that "there are still several affidavits that have not been signed and need to be finalized."[1] [Id.].

The Court will deny Defendants' motion for an extension of the dispositive motion's deadline. The circumstances presented by defense counsel are not remotely extraordinary. Affidavits to support a summary judgment motion are wholly predictable incidents thereto. If defense counsel needed more time to obtain them, he should have begun the process earlier, especially after the Court's very clear admonitions regarding extending the deadlines in this case. This matter, therefore, is now ripe for trial. To that end, the Court will refer this case to Magistrate Judge W. Carleton Metcalf for a judicial settlement conference unless the parties file written objections thereto within 14 days of this Order.

On October 19, 2021, Plaintiff filed a Third Motion to Compel Discovery, which is unsigned. [Doc. 146]. In this motion, Plaintiff seeks an order "compelling responses to his timely discovery requests (doc. 126, 127, 128 & 129." [Id. at 2]. Plaintiff states that he is unable to attach copies of the discovery requests at issue because "his case file was seized by prison officials when he was transferred between prisons on September 7, 2021

---

[1] As of this Order, Defendants have not filed a motion for summary judgment.

and remains in 'legal storage' at the prison." [Id.]. Plaintiff attaches a "meet and confer" letter, which is dated October 3, 2021, to his motion to compel. [Id. at 4]. In this letter, which is directed to defense counsel, Plaintiff states that Defendants have failed to timely respond to his discovery requests and that he will seek judicial intervention if defense counsel does not respond within three days. [Id.].

Giving Plaintiff the benefit of his discovery requests having been timely served in the first instance and excusing his failure to attach the disputed discovery requests, the Court will still deny his motion to compel discovery. Plaintiff's motion is unsigned. See Fed. R. Civ. P. 11(a). Moreover, Plaintiff waited nearly a month after the expiration of the discovery deadline to address Defendants' failure to respond to his discovery requests and did not file the motion to compel until after the expiration of the dispositive motion's deadline. As such, the Court will deny Plaintiff's motion. As noted, this matter is ripe for trial. **Any further motions for or related to discovery or to dispositive motions will be summarily denied**.

Given defense counsel's history in this and other cases with this Court to fail to adhere to the Court's deadlines and to be generally nonresponsive, the Court will direct the Clerk to email a copy of this Order to James Trachtman, Special Deputy Attorney General, who the Court understands to

be defense counsel's supervisor.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's motion [Doc. 145] and Plaintiff's motion [Doc. 146] are **DENIED** in accordance with the terms of this Order.

This matter will be referred to the Honorable W. Carleton Metcalf, Magistrate Judge, if the parties do not file written objections to participating in a judicial settlement conference within 14 days of this Order.

The Clerk is respectfully instructed to email a copy of this Order to James Trachtman, Special Deputy Attorney General, Section Head, Public Safety Section, North Carolina Department of Justice at jtrachtman@ncdoj.gov.

**IT IS SO ORDERED**.

Signed: October 26, 2021

Martin Reidinger
Chief United States District Judge