UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00135-MR

| MATTHEW JAMES GRIFFIN, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) ORDER |
| ERIK A. HOOKS, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on Plaintiff's "Verified Motion For Reconsideration and Relief From Order (doc. 148) Under Rule 60(b)." [Doc. 151].

On September 7, 2021, the Court noted that Defendant Bentley, who was served with summons and complaint on June 24, 2021, had not yet answered or otherwise responded to Plaintiff's Second Amended Complaint. [Doc. 137 at n.1]. The Court, therefore, ordered Plaintiff to take further action to prosecute this action against Defendant Bentley within 14 days of the Court's Order. [Id. at 9]. The Court advised Plaintiff that his failure to take such action would result in the dismissal of Defendant Bentley without prejudice. [Id.]. Plaintiff failed to timely take action to prosecute Defendant Bentley and, as cautioned, the Court dismissed Defendant Bentley without

prejudice. [Doc. 148].

Plaintiff now moves the Court to reconsider its dismissal of Defendant Bentley. [Doc. 151]. As grounds, Plaintiff states that he was transferred to a different correctional facility and was "without any of his legal documents, case files or law books," which "weigh in excess of 1300 pounds," and that he "could not respond or prosecute this matter without his case file." [Id. at 3-4]. Plaintiff also states the Court's dismissal without prejudice operates as a dismissal with prejudice since the statute of limitations has expired. [Id. at 6-7].

The Court will deny Plaintiff's motion. The Court ordered Plaintiff to take some action to prosecute Defendant Bentley within the allotted time. As noted by the Court, Defendant Bentley had been served with summons and complaint and had failed to answer or otherwise response. [See Doc. 137 at n. 1]. Plaintiff did not need 1300 pounds of legal materials to file a very simple motion for entry default against Defendant Bentley. See Fed. R. Civ. P. 55(a). Plaintiff has proven himself time and time again, in this action and others, as competent and capable in prosecuting his cases with this Court. Moreover, Plaintiff has previously sought entry of default against other Defendants in this action, both for failure to answer and as a sanction. [Docs. 33, 76, 79]. Plaintiff, therefore, cannot (and does not) argue that he lacked

2

knowledge of the procedure necessary to comply with the Court's Order. The Court, therefore, denies Plaintiff's motion to reconsider its dismissal of Defendant Bentley without prejudice.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion [Doc. 151] is **DENIED**.

**IT IS SO ORDERED**.

Signed: December 2, 2021

Martin Reidinger
Chief United States District Judge