IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00135-MR

| | | |
|---|---|---|
| MATTHEW JAMES GRIFFIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| v. | ) | |
| | ) | |
| ERIK A. HOOKS, | ) | |
| *Secretary of the NCDPS*, | ) | |
| W. DAVID GUICE, *Chief Deputy*, | ) | |
| *Secretary of the NCDPS*, | ) | |
| KENNETH E. LASSITER | ) | |
| *Director of Prisons of the NCDPS*, | ) | |
| ERIC T. DYE | ) | |
| *Assistant Superintendent at the* | ) | |
| *Alexander Correctional Institution*, | ) | |
| KENNETH A. BEAVER | ) | |
| *Superintendent of Alexander* | ) | |
| *Correctional Institution*, | ) | |
| FINESSE G. COUCH | ) | |
| *Executive Director of the NCDPS*, | ) | |
| ELIZABETH D. WALLACE | ) | |
| *investigator/examiner of the NCDPS*, | ) | |
| FNU CLIFTON | ) | |
| *Lieutenant at Alexander* | ) | |
| *Correctional Institution*, | ) | |
| FNU QUINN | ) | |
| *Sergeant at Alexander* | ) | |
| *Correctional Institution*, | ) | |
| CHRISTOPHER CALDWELL | ) | |
| *Officer at Alexander* | ) | |
| *Correctional Institution* | ) | |
| *formerly known as FNU Caldwell*, | ) | |
| DOES 1-40, | ) | |
| FNU CLAWSON | ) | |
| *Officer at Alexander* | ) | |
| *Correctional Institution*, | ) | |

| | |
|---|---|
| BRANDON BRYAN | ) |
| *Officer at Alexander* | ) |
| *Correctional Institution* | ) |
| *also known as* | ) |
| *Unknown Doe #2,* | ) |
| DARREN DAVES | ) |
| *Supervisor at Alexander* | ) |
| *Correctional Institution* | ) |
| *also known as* | ) |
| *Unknown Doe #4,* | ) |
| CARLTON JOYNER | ) |
| *Deputy Director of* | ) |
| *NC Division of Prisons* | ) |
| *also known as* | ) |
| *Unknown Doe #11,* | ) |
| REUBEN YOUNG | ) |
| *Deputy Secretary of the* | ) |
| *Department of Public Safety* | ) |
| *formerly known as* | ) |
| *Unknown Doe #12* | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

This matter is before the undersigned following an attempted judicial settlement conference.

On December 6, 2021 and following the Order of the District Court referring this case to the undersigned for a judicial settlement conference, an Order was entered setting a conference for Tuesday, January 11, 2022 from NOON to 2:00 p.m. Eastern Time ("December 6 Order," Doc. 154). Defense counsel was directed to ensure that the Warden and/or Plaintiff's case manager at Lea County Correctional Facility, where Plaintiff is purportedly incarcerated, received notice of the conference, including the call-in

information and a copy of the December 6 Order. Doc. 154. Additionally, the December 6 Order required Defendants themselves to participate in the settlement conference. Id.

On January 11, 2022, when the conference was to convene, defense attorney Brian Nichols appeared along with Julianna Cherry of the North Carolina Department of Public Safety. Neither Plaintiff nor Defendants were present.

As to Plaintiff, Mr. Nichols advised that his office had sent multiple letters to and had left multiple voicemail messages for persons at the facility in New Mexico where Plaintiff is purportedly incarcerated, but that no response or acknowledgment had been received from any of those contacts.

As for Defendants, Mr. Nichols stated that he thought a motion requesting that Defendants be excused from participating in the judicial settlement conference had been filed.

Given the nonappearance of the parties, the undersigned will reset the judicial settlement conference to another date and direct the parties accordingly.

**IT IS THEREFORE ORDERED THAT**:

1. The judicial settlement conference in this matter is **RESCHEDULED** for **March 22, 2022 from NOON to 2:00 p.m. Eastern Time**.

2. Unless otherwise stated herein, the conference will be conducted in the manner described in the December 6 Order. Any request seeking to modify the terms of this Order or the procedures or arrangements for the conference, including the participation by any party, shall be filed no later than **March 8, 2022** or be subject to summary denial.

3. Plaintiff is **DIRECTED** to file a written response to this Order that acknowledges he has received a copy of this Order, confirms his current place of incarceration and contact information, and provides contact information for his case manager or other representative at the facility who is responsible for arranging for him to participate in the judicial settlement conference. This response shall be filed by **February 28, 2022**.

4. Defense counsel is **DIRECTED** to ensure that the Warden and/or Plaintiff's case manager at Lea County Correctional Facility (or other such facility if Plaintiff is housed elsewhere) receives notice of the rescheduled conference, including call-in information and a copy of this Order. Defense counsel is further **DIRECTED** to file a notice confirming compliance with this provision no later than **March 8, 2022**.

5. The parties are **ADVISED** that failure to comply with the terms of this Order may result in the undersigned recommending that the presiding District Judge consider taking appropriate action for their failure to abide by an order of the court and to participate in a judicial settlement conference as directed.

6. Consistent with other Orders entered in this matter, see Doc. 149, the Clerk is respectfully instructed to email a copy of this Order to James Trachtman, Special Deputy Attorney General, North Carolina Department of Justice at jtrachtman@ncdoj.gov.

**It is so ordered.**

Signed: January 12, 2022

W. Carleton Metcalf
United States Magistrate Judge