IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00135-MR

MATTHEW JAMES GRIFFIN, )
)
Plaintiff, )
) ORDER
v. )
)
ERIK A. HOOKS, )
*Secretary of the NCDPS*, )
W. DAVID GUICE, *Chief Deputy*, )
*Secretary of the NCDPS*, )
KENNETH E. LASSITER )
*Director of Prisons of the NCDPS*, )
ERIC T. DYE )
*Assistant Superintendent at the* )
*Alexander Correctional Institution*, )
KENNETH A. BEAVER )
*Superintendent of Alexander* )
*Correctional Institution*, )
FINESSE G. COUCH )
*Executive Director of the NCDPS*, )
ELIZABETH D. WALLACE )
*investigator/examiner of the NCDPS*, )
FNU CLIFTON )
*Lieutenant at Alexander* )
*Correctional Institution*, )
FNU QUINN )
*Sergeant at Alexander* )
*Correctional Institution*, )
CHRISTOPHER CALDWELL )
*Officer at Alexander* )
*Correctional Institution* )
*formerly known as FNU Caldwell*, )
DOES 1-40, )
FNU CLAWSON )
*Officer at Alexander* )
*Correctional Institution*, )

1

| | |
|---|---|
| BRANDON BRYAN | ) |
| *Officer at Alexander* | ) |
| *Correctional Institution* | ) |
| *also known as* | ) |
| *Unknown Doe #2,* | ) |
| DARREN DAVES | ) |
| *Supervisor at Alexander* | ) |
| *Correctional Institution* | ) |
| *also known as* | ) |
| *Unknown Doe #4,* | ) |
| CARLTON JOYNER | ) |
| *Deputy Director of* | ) |
| *NC Division of Prisons* | ) |
| *also known as* | ) |
| *Unknown Doe #11,* | ) |
| REUBEN YOUNG | ) |
| *Deputy Secretary of the* | ) |
| *Department of Public Safety* | ) |
| *formerly known as* | ) |
| *Unknown Doe #12* | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

This matter is before the undersigned *sua sponte*.

On December 6, 2021 and following the Order of the District Court referring this case to the undersigned for a judicial settlement conference, an Order was entered setting a conference for January 11, 2022. ("December 6 Order," Doc. 154). Defense counsel was directed to ensure that the Warden and/or Plaintiff's case manager at Lea County Correctional Facility, where Plaintiff was purportedly incarcerated, received notice of the conference, including the call-in information and a copy of the December 6 Order. Doc. 154.

Additionally, the December 6 Order required Defendants themselves to participate in the settlement conference. Id.

On January 11, 2022, when the conference was to convene, defense counsel Brian Nichols appeared along with Julianna Cherry of the North Carolina Department of Public Safety. Neither Plaintiff nor Defendants were present.

As to Plaintiff, Mr. Nichols advised that his office had sent multiple letters to and had left multiple voicemail messages for persons at the facility in New Mexico where Plaintiff was purportedly incarcerated, but that no response or acknowledgment had been received from any of those contacts.

As for Defendants, Mr. Nichols stated that he thought a motion requesting that Defendants be excused from participating in the conference had been filed.

Given the nonappearance of the parties, the undersigned reset the judicial settlement conference to March 22, 2022. ("January 12 Order," Doc. 155). The January 12 Order directed Plaintiff by February 28, 2022 to provide certain information confirming his place of incarceration and contact information, and also directed defense counsel to ensure that the Warden and/or Plaintiff's case manager at Lea County Correctional Facility (or other such facility if Plaintiff was housed elsewhere) received notice of the rescheduled conference, including call-in information and a copy of the Order.

Id. at 4. Additionally, defense counsel was directed to file a notice confirming compliance with this provision no later than March 8, 2022. Doc. 155 at 5. The January 12 Order advised the parties that failure to comply with its terms "may result in the undersigned recommending that the presiding District Judge consider taking appropriate action for their failure to abide by an order of the court and to participate in a judicial settlement conference as directed." Id. at 5.

Plaintiff's notice was not filed by February 28 (though it was dated that day); it was filed on March 4. Doc. 157.

Defense counsel, however, has not filed any notice of compliance.

The requirements of the January 12 Order were put in place to help confirm that all parties were prepared to proceed with the rescheduled judicial settlement conference, thereby allowing the case to move forward and the court's limited resources to be used efficiently.

While Plaintiff apparently received a copy of the January 12 Order (given his compliance with it), Mr. Nichols' failure to file the required notice creates doubt as to whether the appropriate personnel at Plaintiff's facility are aware of the rescheduled conference and have the necessary call-in information that has been provided to defense counsel such that Plaintiff will be ready and able

4

to participate, all of which has required the undersigned to spend yet more time addressing logistical matters concerning the conference.[1]

**IT IS THEREFORE ORDERED** that defense counsel, Mr. Bryan Nichols, shall **SHOW CAUSE**, on or before **March 18, 2022** as to why the undersigned should not take additional remedial action such as resetting the judicial settlement conference, requiring Mr. Nichols, the NCDPS representative, and all Defendants to appear <u>in person</u> at the conference, and/or recommending to the presiding District Judge that sanctions be imposed against Mr. Nichols personally.

Consistent with other Orders entered in this matter, <u>see</u> Doc. 149, the Clerk is respectfully instructed to email a copy of this Order to James Trachtman, Special Deputy Attorney General, North Carolina Department of Justice at jtrachtman@ncdoj.gov.

Signed: March 11, 2022

W. Carleton Metcalf
United States Magistrate Judge

---

[1] Unfortunately, this does not appear to be the first time counsel has failed to comply with a court order in this matter. <u>See</u> e.g., Doc. 121 ("Defendant and defense counsel have repeatedly failed to follow the Court's Orders and to comply with case deadlines in this matter despite the Court's previous admonitions"); Doc. 149 (noting defense counsel's "history in this and other cases with this Court to fail to adhere to the Court's deadlines and to be generally nonresponsive").

5