UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-CV-00135-FDW

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, | ) |
| Plaintiff, | ) |
| v. | ) **DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER [D.E. 159] AND RENEWED MOTION TO EXCUSE ATTENDANCE AT THE JUDICIAL SETTLEMENT CONFERENCE** |
| ERIC A. HOOKS, et al. | ) |
| Defendants. | ) |

NOW COME Defendants Eric A. Hooks, W. David Guice, Kenneth E. Lassiter, Eric T. Dye, Kenneth A. Beaver, Finesse G. Couch, Elizabeth D. Wallace, Chad E. Clifton, Jeffrey S. Clawson, Joshua T. Quinn, Christopher Caldwell, Carlton Joyner, Brandon Bryan, Darren Daves and Reuben Young (hereinafter "Defendants"), by and through undersigned counsel, in response to this Court's Order [D.E. 159] dated March 11, 2022.

Undersigned counsel has confirmed and the appropriate personnel at Plaintiff's facility are aware of the rescheduled conference and have the necessary call-in information that has been provided to undersigned counsel such that Plaintiff will be ready and able to participate in the upcoming Judicial Settlement Conference currently scheduled for Tuesday, March 22, 2022.

Undersigned counsel has spoken with Attorneys in the New Mexico Corrections Department Office of General Counsel regarding the upcoming Judicial Settlement Conference currently scheduled for Tuesday, March 22, 2022 from Noon to 2:00 p.m. Eastern time. The Attorney in the General Counsel's Office has insured undersigned counsel that communications

1

are being made with employees at the facility where Plaintiff is housed and the facility will be able to make Plaintiff available for the scheduled call-in to the judicial settlement conference. Additionally, the call-in information has been provided to the Office of General Counsel who is passing it onto the facility.

Although undersigned counsel was aware of the March 8, 2022 deadline to modify the Judicial Settlement Conference because it was placed on undersigned counsel's calendar, undersigned counsel was not aware that a written response to the January 12, 2022 order confirming compliance was needed by March 8, 2022 because it was not placed on the calendar. Undersigned counsel did not know this March 8, 2022 response showing compliance was needed or he would certainly would have done so. The extreme number of cases undersigned counsel is currently handling and lack of support staff create a significant challenge to the practice of law.

The section in which undersigned counsel works is still all working from home as a result of Covid-19 including legal assistants and paralegals. Additionally because of a severe shortage of staff due to attorneys and paralegal leaving the section, a failure to hire new attorneys to replace them yet, a significant increase of cases filed, caseloads are extremely high and it has been difficult to maintain normal levels of productivity. Undersigned counsel recognizes that a motion to extend the deadline to file dispositive motions was filed and granted, however the deadline passed and a motion for summary judgment was not filed because the deadline was never placed on undersigned counsel's calendar. The Court has now ordered a judicial settlement conference.

Between January 2022 and the present, Plaintiff also moved from a private facility to one run by the New Mexico Correction Department thus all the contact information for staff changed. Because Plaintiff is not in a facility run by North Carolina Department of Corrections it has been

more difficult than usual to coordinate information and scheduling. On February 25, 2022, Plaintiff notified the court of a change of address to a new facility in Santa Fe, New Mexico run by the state of New Mexico's Correction Department [D.E. 156] Previously, Plaintiff was housed at the Lea County Correctional Facility, which is a private prison operated by the GEO Group, Inc. Since Plaintiff moved from a private facility to a facility run by the New Mexico Correction Department, prison contact information was different and undersigned counsel had not been able to secure confirmation that the new facility in Santa Fe, New Mexico was aware of the judicial settlement conference on March 22, 2022. Undersigned counsel had called and left messages at the number Plaintiff provided in his filing of March 4, 2022. [D.E. 157] No one from the facility called undersigned counsel back and there was no email address to contact prison officials.

Additionally undersigned counsel went on the New Mexico Correction Department's website and called six phone numbers on the website and left voicemails. No one ever returned these calls. No email addresses could be found on the New Mexico Correction Department's website. Undersigned counsel also attempted to contact the New Mexico Attorney General's Office and left voicemail on several numbers. Even after spending several hours trying to contact someone and speak with an actual person at the New Mexico Correction Department, undersigned counsel was unable to reach an actual live person or have anyone at the New Mexico Correction Department call back undersigned counsel.

Eventually undersigned counsel was able to reach a retired attorney who used to work for the New Mexico Correction Department from a previous case who put undersigned counsel in contact with the appropriate people. Because Plaintiff is not currently in a prison within North Carolina it was extremely difficult to finally receive confirmation but Plaintiff will be available for the Judicial Settlement Conference on March 22, 2022.

3

Case 3:19-cv-00135-MR   Document 160   Filed 03/18/22   Page 3 of 6

Additionally, undersigned counsel renews the motion made previously on March 8, 2022 [D.E. 158] respectfully requesting that this Court excuse the Defendants as well as a representative of the insurance carrier, from attending the judicial settlement conference. In support of said motion, Defendants states as follows: Defendants are represented by Undersigned Counsel pursuant to the North Carolina Defense of State Employees Act, N.C.G.S. § 143-300.0, *et seq.* (hereinafter "DSEA"). Under the DSEA, after the State has agreed to provide a defense to a state employee, "the State shall pay…the amount due under a settlement of the action under this section." N.C.G.S. § 143-300.6(a). Furthermore, the DSEA states that "the Attorney General may compromise and settle any claim covered by this section to the extent he finds the claim valid." N.C.G.S. § 143-300.6(b). The Undersigned Counsel for Defendants has confirmed that representatives of North Carolina Department of Public Safety will attend the scheduled settlement conference and will have the ability to negotiate and enter into any binding settlement agreement on behalf of Defendants. For the aforementioned reasons, Defendants respectfully requests that they, ==and a representative of the insurance carrier,== be excused from participating in the Judicial Court Settlement Conference on Tuesday, March 22, 2022.

Due to the Plaintiff's incarcerated status, Undersigned counsel has not discussed the filing of this motion with Plaintiff, and therefore is unable confirm the Plaintiff's position at this time.

This the 18th day of March, 2022.

JOSHUA H. STEIN
ATTORNEY GENERAL

/s/Bryan G. Nichols
Bryan G. Nichols
Assistant Attorney General
N.C. State Bar No. 42008
N.C. Department of Justice

Public Safety Section
P.O. Box 629
Raleigh, North Carolina 27602-0629
Telephone: (919) 716-6568
Facsimile: (919) 716-6761
E-Mail: bnichols@ncdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed **DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER [D.E.159] AND RENEWED MOTION TO EXCUSE ATTENDANCE AT THE JUDICIAL SETTLEMENT CONFERENCE** with the Clerk of the Court using the CM/ECF system. I further certify that I mailed a copy of the attached document by first class mail, postage pre-paid, to the following non-CM/ECF participant:

> Matthew James Griffin
> NMCD# 39704
> P.O. Box 1059
> Santa Fe, NM 85704

This the 18th day of March, 2022.

> /s/Bryan G. Nichols
> Bryan G. Nichols