IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| ERIK A. HOOKS, ) | |
| *Secretary of the NCDPS*, ) | |
| W. DAVID GUICE, *Chief Deputy,* ) | |
| *Secretary of the NCDPS*, ) | |
| KENNETH E. LASSITER ) | |
| *Director of Prisons of the NCDPS*, ) | |
| ERIC T. DYE ) | |
| *Assistant Superintendent at the* ) | |
| *Alexander Correctional Institution*, ) | |
| KENNETH A. BEAVER ) | |
| *Superintendent of Alexander* ) | |
| *Correctional Institution*, ) | |
| FINESSE G. COUCH ) | |
| *Executive Director of the NCDPS*, ) | |
| ELIZABETH D. WALLACE ) | |
| *investigator/examiner of the NCDPS*, ) | |
| FNU CLIFTON ) | |
| *Lieutenant at Alexander* ) | |
| *Correctional Institution*, ) | |
| FNU QUINN ) | |
| *Sergeant at Alexander* ) | |
| *Correctional Institution*, ) | |
| CHRISTOPHER CALDWELL ) | |
| *Officer at Alexander* ) | |
| *Correctional Institution* ) | |
| *formerly known as FNU Caldwell*, ) | |
| DOES 1-40, ) | |
| FNU CLAWSON ) | |
| *Officer at Alexander* ) | |
| *Correctional Institution*, ) | |

1

| | |
|---|---|
| BRANDON BRYAN | ) |
| *Officer at Alexander* | ) |
| *Correctional Institution* | ) |
| *also known as* | ) |
| *Unknown Doe #2,* | ) |
| **DARREN DAVES** | ) |
| *Supervisor at Alexander* | ) |
| *Correctional Institution* | ) |
| *also known as* | ) |
| *Unknown Doe #4,* | ) |
| **CARLTON JOYNER** | ) |
| *Deputy Director of* | ) |
| *NC Division of Prisons* | ) |
| *also known as* | ) |
| *Unknown Doe #11,* | ) |
| **REUBEN YOUNG** | ) |
| *Deputy Secretary of the* | ) |
| *Department of Public Safety* | ) |
| *formerly known as* | ) |
| *Unknown Doe #12* | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

This matter is before the undersigned on Defendants' Response to Show Cause Order and Renewed Motion to Excuse Attendance at the Judicial Settlement Conference (the "Motion," Doc. 160).

I. Response to Show Cause Order

Defense counsel states that although he "was aware of the March 8, 2022 deadline to modify the Judicial Settlement Conference because it was placed on [his] calendar, [he] was not aware that a written response to the January 12, 2022 order confirming compliance was needed by March 8, 2022 because it was not placed on the calendar." He further states that he "did not know this

2

March 8, 2022 response showing compliance was needed or he would certainly would have done so." Doc. 160 at 2.

Regardless of what may or may not have been placed on counsel's calendar by himself or others, the undersigned's January 12 Order was explicitly clear as to what was required. Specifically, that Order read in part:

> Defense counsel is **DIRECTED** to ensure that the Warden and/or Plaintiff's case manager at Lea County Correctional Facility (or other such facility if Plaintiff is housed elsewhere) receives notice of the rescheduled conference, including call-in information and a copy of this Order. Defense counsel is further **DIRECTED** to file a notice confirming compliance with this provision no later than **March 8, 2022**.

Doc. 155 at 4 (emphasis in original).

Nonetheless, as defense counsel now states that "the appropriate personnel at Plaintiff's facility are aware of the rescheduled conference and have the necessary call-in information that has been provided to [defense] counsel such that Plaintiff will be ready and able to participate in the upcoming Judicial Settlement Conference currently scheduled for Tuesday, March 22, 2022," and further to conserve judicial resources, the show cause order will be discharged.

II. **Attendance at Settlement Conference**

By their Motion, Defendants Erik A. Hooks, W. David Guice, Kenneth E. Lassiter, Eric T. Dye, Kenneth A. Beaver, Finesse G. Couch, Elizabeth D.

3

Wallace, FNU Clifton, FNU Quinn, Christopher Caldwell, FNU Clawson, Brandon Bryan, Darren Daves, Carlton Joyner, and Reuben Young ("Defendants") request that they be excused from personally attending the March 22, 2022 conference. Additionally, Defendants request that "a representative of the insurance carrier" be excused.

Defendants contend that these requests are justified because "representatives of North Carolina Department of Public Safety will attend the scheduled settlement conference and will have the ability to negotiate and enter into any binding settlement on behalf of Defendants." Doc. 160 at 4. See N.C.G.S. §143-300.6(a) ("The unit of State government that employed the employee shall pay the first one hundred fifty thousand dollars ($150,000) of liability.").

It is not clear from the Motion whether an insurance carrier is involved in this matter. However, considering the representation that NCDPS is responsible for Defendants' liability, the undersigned will excuse a representative from any involved insurance carrier from participating in the conference.

With respect to Defendants' participation, while an NCDPS representative may have the authority to negotiate and enter a binding settlement on behalf of Defendants, Defendants are themselves parties to the case and have a vested interest in the matter. Further, the undersigned

4

believes that the personal participation of at least some Defendants in the conference may be beneficial.

In that regard, the undersigned will require the attendance of the individual Defendants who were personally and physically involved in the events alleged to have occurred on March 21, 2017. As previously indicated, these Defendants and their counsel may participate in the settlement conference from different physical locations if they so choose, as long as they are on one conference line during the conference. See Doc. 154 at 3.

**IT IS THEREFORE ORDERED** that:

1. Defendants' prior Motion to Excuse Attendance at the Court-Hosted Settlement Conference (Doc. 158) is **DENIED AS MOOT**.

2. The March 11, 2022 Order to Show Cause is **DISCHARGED**, and the judicial settlement conference will proceed as scheduled on Tuesday, March 22, 2022.

3. Defendants' Response to Show Cause Order and Renewed Motion to Excuse Attendance at the Judicial Settlement Conference (Doc. 160) is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. The request that a representative from any involved insurance carrier (i.e., a representative other than the NCDPS representative) be excused from participating is **GRANTED**.

5

b. The request that Defendants be excused from personally participating in the March 22, 2022 settlement conference is **GRANTED IN PART AND DENIED IN PART.** Those Defendants who were <u>not</u> personally and physically involved in the events alleged to have occurred on March 21, 2017 are excused. Those Defendants who <u>were</u> personally and physically involved in the events alleged to have occurred on March 21, 2017 shall participate.

4. Consistent with other Orders entered in this matter, <u>see</u> Doc. 149, the Clerk is respectfully instructed to email a copy of this Order to James Trachtman, Special Deputy Attorney General, North Carolina Department of Justice at jtrachtman@ncdoj.gov.

Signed: March 21, 2022

W. Carleton Metcalf
United States Magistrate Judge