IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00135-MR

MATTHEW JAMES GRIFFIN,          )
                                )
          Plaintiff,            )
                                )
vs.                             )
                                )          **ORDER**
                                )
ERIK A. HOOKS, et al.,          )
                                )
          Defendants.           )
_____ )

**THIS MATTER** is before the Court *sua sponte*.

The *pro se* Plaintiff is a prisoner of the State of New Mexico currently serving a life sentence for first degree murder.[1] He filed this action pursuant to 42 U.S.C. § 1983 against numerous prison officials related to events allegedly occurring while Plaintiff was confined at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. At the time, Plaintiff was confined in North Carolina pursuant to an interstate corrections compact. He

---

[1] In another action with this Court, Plaintiff attested that, in 1991, he was convicted of first degree murder and armed robbery and sentenced to a term of imprisonment of life plus 50 years. [Case No. 5:19-cv-00049-MR, Doc. 89-3 at 3]. Plaintiff also attested that, "[i]n New Mexico, life in prison means a minimum of 30 years." [Id., id.]. The New Mexico offender search website confirms Plaintiff's murder and robbery convictions and shows that he was convicted of aggravated burglary and tampering with evidence at the same time. https://search.cd.nm.gov. The website, however, lists no expected release date for Plaintiff.

has since been transferred back to New Mexico and is currently incarcerated at the Penitentiary of New Mexico in Santa Fe, New Mexico, which over 1,500 miles from this Court.

After granting several extensions of the dispositive motions deadline and denying Defendants' final request for more time [Doc. 149], the Court referred the case to the Honorable W. Carleton Metcalf, Magistrate Judge, for a judicial settlement conference [Doc. 153]. After some delay due to defense counsel's failure to secure Defendants' appearance at the first attempted settlement conference in January 2022, the conference was eventually held on March 22, 2022. [3/22/2022 Docket Entry; see Doc. 155]. The parties reached an impasse. [Id.]. Thus, this matter is now ripe for trial.

Given Plaintiff's incarceration in New Mexico, the Court must consider options in conducting Plaintiff's trial. An incarcerated litigant in a § 1983 action does not have an absolute right to be physically present at the trial of his case. Muhammad v. Warden, Baltimore City Jail, 849 F.2d 107, 112 (4th Cir. 1988). "[I]f securing the prisoner's presence, at his own or public expense, is determined to be infeasible," the court must consider "other reasonably available alternatives." Edwards v. Logan, 38 F. Supp. 2d 463, 467 (W.D. Va. 1999) (citing Muhammad, 849 F.2d at 111, 113). In

2

Case 3:19-cv-00135-MR    Document 162    Filed 03/29/22    Page 2 of 5

considering other reasonably available alternatives, the Court should consider the following factors:

> (1) Whether the prisoner's presence will substantially further the resolution of the case, and whether alternative ways of proceeding, such as trial on depositions, offer an acceptable alternative.
>
> (2) The expense and potential security risk entailed in transporting and holding the prisoner in custody for the duration of the trial.
>
> (3) The likelihood that a stay pending the prisoner's release will prejudice his opportunity to present his claim, or the defendant's right to a speedy resolution of the claim.

Id. at 113. This second factor includes the question of whether the Court has jurisdiction to order the law enforcement officials of another state (in this case, New Mexico) to deliver the Plaintiff to the Court for trial and/or whether such officials could maintain his detention or incarceration during such trial. "If, after balancing the factors set forth in Muhammad, the court finds that the costs and security concerns posed by the trial are too great, the court has the discretion to try the case without the plaintiff's attendance." Edwards, 38 F. Supp. 2d at 467. Other alternatives include Plaintiff's attendance through videoconferencing or, as noted, by deposition. Joyner v. Byington, No. 7:15-cv-00526, 2017 WL 807208 (W.D. Va. Mar. 1, 2017) (ordering attendance by videoconferencing); Edwards, 38 F.Supp.2d 463 (same); Clay v. Drew, 66 F.3d 315 (4th Cir. 1995) (affirming Plaintiff's attendance at trial by reading

3

his deposition where he failed to appear after being ordered to pay expenses of transport). See Peterson v. Nadler, 452 F.2d 754, 756-57 (8th Cir. 1971) (trial on deposition preferable to indefinite stay).

Here, it seems unlikely that the transport of Plaintiff from New Mexico for trial would be feasible from a financial and logistical, and perhaps security, perspective. Moreover, it is highly unlikely that he may be released from custody within a time reasonable for the Court to stay these proceedings pending such release. The Court, therefore, will consider other possibilities.

For these reasons, the Court will require each party to file, within 30 days of this Order, his/their position regarding the foregoing factors and his/their proposal as to the manner in which the case should proceed.[2] If any party proposes the conduct of any portion of this trial (including Plaintiff's attendance) by way of videoconferencing,[3] such party shall advise the Court of the willingness and ability of officials at Plaintiff's place of incarceration to assist with such attendance. The Plaintiff is cautioned that, if he fails to timely

---

[2] In his Notice, the Plaintiff specifically should address whether he is able to pay the costs, if any, of any of the alternative(s) that he proposes.

[3] The use of videoconferencing of a prisoner § 1983 trial is authorized by 42 U.S.C. §1997e(f)(1). The Court, however, remains skeptical as to the benefits of videoconferencing in a jury trial, as opposed to alternatives such as presentation of video depositions.

4

comply with this filing requirement in accordance with this Order, this case will be dismissed without prejudice and closed without further notice as to him.

**IT IS, THEREFORE, ORDERED** that each party shall file with the Court the information and positions as addressed herein within **thirty (30) days** of the entry of this Order.

If the Plaintiff fails to timely comply, this case will be dismissed without prejudice and closed without further notice.

**IT IS SO ORDERED**.

Signed: March 29, 2022

Martin Reidinger
Chief United States District Judge