IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00135-MR

| | |
|---|---|
| **MATTHEW JAMES GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **ERIK A. HOOKS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion to Stay Proceedings. [Doc. 173]

The *pro se* Plaintiff is a prisoner of the State of New Mexico currently serving a life sentence for first degree murder. He filed this action pursuant to 42 U.S.C. § 1983 against numerous prison officials related to events allegedly occurring while he was confined at Alexander Correctional Institution in Taylorsville, North Carolina. [Doc. 1]. At the time, Plaintiff was confined in North Carolina pursuant to an interstate corrections compact. Thereafter, he was transferred back to New Mexico, where he was most recently incarcerated at the Penitentiary of New Mexico in Santa Fe, New Mexico. This matter is currently ripe for trial. After defense counsel advised the Court that the New Mexico Corrections Department would accommodate

this Court's Order requiring that the trial be conducted by video depositions, the Court ordered that the trial in this matter would proceed as such according to the specific terms of the Court's August 2 Order. [Doc. 172; see Doc. 169 at 9-10]. The Court allowed the parties six months from its Order to complete these depositions. [Doc. 172 at 14].

Plaintiff now moves to stay these proceedings. [Doc. 173]. As grounds, Plaintiff states that, on August 25, 2022, he was transferred from New Mexico to Stateville Correctional Facility/NRC in Crest Hill, Illinois, and that none of Plaintiff's "legal documents, case files or law books were transferred with him." [Id. at 1]. Plaintiff states that all his legal materials remained in New Mexico and that he "cannot respond or prosecute in this matter" without his materials. [Id.]. Plaintiff requests a stay of 120 days to recover his materials, but he does not state how long he believes it will take to recover them. [Id.].

The Court will deny Plaintiff's motion to stay. Plaintiff has not shown that a stay is necessary. Plaintiff fails to state how much time he needs to recover his legal property and the parties have approximately four (4) months before the Court's deadline to complete the video depositions for trial. Should Plaintiff ultimately need more time to conduct these depositions, he may ask for more time when appropriate. For now, there is no reason to stay these proceedings or to extend that deadline.

2

The Court will, however, order that counsel for Defendants contact officials at Plaintiff's current correctional facility to determine whether the facility will accommodate the Court's Order regarding the conduct of the trial in this matter by video deposition. Defense counsel shall update the Court on this issue within fourteen (14) days of this Order.

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Stay Proceedings [Doc. 173] is **DENIED**.

**IT IS FURTHER ORDERED** that counsel for Defendants shall contact officials at Plaintiff's current correctional facility to determine whether the facility will accommodate the Court's Order at Docket No. 172 and shall file a status update with the Court within 14 days of this Order.

**IT IS SO ORDERED**.

Signed: September 26, 2022

Martin Reidinger
Chief United States District Judge