IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00135-MR

| | |
|---|---|
| **MATTHEW JAMES GRIFFIN,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **ERIK A. HOOKS, et al.,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's pending motions [Docs. 183, 184, 186, 187].

**I.   FACTUAL BACKGROUND**

The *pro se* Plaintiff is a prisoner of the State of New Mexico currently serving a life sentence for first degree murder. He filed this action pursuant to 42 U.S.C. § 1983 against numerous prison officials based on events allegedly occurring while he was confined at Alexander Correctional Institution in Taylorsville, North Carolina, and on allegedly unconstitutional North Carolina Department of Public Safety (NCDPS)[1] policies and procedures. [Doc. 1]. At the time, Plaintiff was confined in North Carolina

---

[1] The NCDPS was recently renamed the North Carolina Department of Adult Corrections. The Court, however, will refer to it as the NCDPS in conformity with the Plaintiff's filings.

pursuant to an interstate corrections compact. He was later transferred back to New Mexico and then to Illinois. He is now incarcerated at the Lawrence Correctional Center in Sumner, Illinois, in Administration Detention (AD). This matter is now ripe for trial. To that end, the Court ordered that the trial in this matter be conducted by video deposition in accordance with the terms of the Court's Order.[2] [Doc. 172]. On the Court's Order, defense counsel contacted officials at Plaintiff's correctional facility[3] to determine whether the facility would accommodate the Court's Order regarding the conduct of trial by video deposition. [Doc. 175 at 3; Doc. 177]. Defense counsel reported that Ryan Schoon, legal affairs coordinator at the facility, ensured counsel that the facility could accommodate the Court's Order and "set up video depositions in this matter." [Doc. 177 at 2]. Mr. Schoon also communicated that other Illinois Department of Corrections facilities should also be able to accommodate the Court's Order. [Id.]. The current deadline to conduct for trial depositions is May 1, 2023. [Doc. 180]. Recently, Plaintiff filed a Witness List for Jury Trial by Video Deposition, in which he lists 48 witnesses

---

[2] In part, the Court ordered that Defendants shall bear all costs of conducting the video depositions of their own witnesses and the costs of Plaintiff's witnesses that he cannot afford. [Doc. 172 at 13-14]. The Court also provided that it would consider any objections to deposition testimony and motions in limine at a pretrial conference conducted once the depositions are complete. [Id. at 12].

[3] At that time, Plaintiff was housed at the Stateville Correctional Facility/NRC in Crest Hill, Illinois.

he intends to call at trial by video deposition, including himself and the 15 remaining Defendants. [Doc. 181]. With the witness list, Plaintiff filed Declarations and "Witness Statements" of ten (10) of the witnesses and an expert report of James E. Aiken.[4] [See Doc. 181-1].

Now pending are Plaintiff's (1) motion for an evidentiary hearing "to address prison officials' ongoing obstruction of the trial by video deposition process and the need to appoint counsel," and alternative request for him and his witnesses to be transported to the courthouse for trial; [Doc. 184 at 1-2]; (2) motion to require Defendant's counsel to schedule, notice, and pay for the trial depositions of Plaintiff's 48 witnesses, [Doc. 186]; (3) motion to invoke Federal Rule of Evidence 615 for the video trial depositions, [Doc. 186]; and (4) motion for an extension of the deadline to complete trial depositions, [Doc. 187]. The Court addresses these motions in turn.

## II. PLAINTIFF'S MOTION FOR EVIDENTIARY HEARING

In this motion, Plaintiff takes issue with various aspects of the Court's Order requiring the trial in this matter be conducted by video deposition.[5] [Doc. 184]. Plaintiff argues that the Court's Order requiring the trial to be

---

[4] The Declarations and expert report appear to have originated in Corbett v. Branker, Civil Case No. 5:13-ct-3201-BO, filed in the Eastern District of North Carolina.

[5] Plaintiff also renews a previously denied Motion to Set the Conditions Upon Which Depositions are Conducted at the Prison. [Doc. 184 at 11-12 (citing Doc. 136)].

conducted by video deposition is unenforceable in Illinois because it "requires nothing of Illinois or its prison officials." [Id. at 2-3]. Plaintiff argues that his attendance at trial may be lawfully procured only by a writ directed at Plaintiff's lawful custodian. [Id. at 5-6]. Plaintiff claims that Illinois prison officials, including Mr. Schoon, are actively obstructing Plaintiff's efforts to take trial depositions. [Id. at 6]. Plaintiff claims that Illinois prison officials, including Schoon, have confiscated Plaintiff's Petitions for Writs of Habeas Corpus Ad Testificandum ("trial writs") for the Plaintiff and his prisoner witnesses.[6] [Id. at 6-7]. Plaintiff also claims that Illinois prison officials have confiscated the video camera images from discovery in this case, preventing Plaintiff from using relevant footage during the trial depositions. [Id. at 9]. Plaintiff also claims that prison officials have confiscated Plaintiff's Federal Rules of Evidence, hindering Plaintiff's preparation for trial depositions and filing motions and briefs related to expert witnesses. [Id. at 9-10].

Next, Plaintiff reminds the Court that he has been diagnosed with a serious vision impairment and is disabled within the meaning of the Americans with Disabilities Act (ADA). [Id. at 13]. Plaintiff contends that the United States District Court is required to provide him with a reading

---

[6] Plaintiff has submitted a grievance at his correctional facility regarding the confiscation of these materials. The grievance has been accepted for processing, but resolution of the grievance may take up to eleven or more months. [Doc. 184 at 7-8].

4

assistant at the video trial depositions as an ADA accommodation "to make the trial process accessible to him." [Id.].

Plaintiff also contends that "Illinois is not set up for" a trial by video deposition. [Doc. 184 at 15]. Plaintiff states that, as an AD inmate, he would be in full restraints, "seated in a chair, his leg chains secured to an eye-bolt on the floor, no desk or writing surface, another chair 3 ½ - 4 feet away, with a lap top computer sitting open on that chair." Plaintiff argues that, "[i]t all adds up to a mistrial," and that he should be transferred back to New Mexico for use of the prisons' "state-of-the-art video court rooms" and designated staff legal assistants. [Id. at 15-16].

Before further addressing these issues, the Court will require defense counsel to investigate and/or inquire about certain matters, as follows:

(1) The location and status of Plaintiff's allegedly confiscated materials as set forth above, including the reason(s) for their confiscation and whether they have been returned to Plaintiff;

(2) Any policy or procedures regarding or governing the conduct and/or conditions of trial depositions at Plaintiff's correctional facility, including such policies applicable to AD inmates and the facility's policy regarding Plaintiff-initiated phone calls to defense counsel to plan and coordinate trial depositions;

(3) The identity of the official or officials with authority to facilitate and/or execute the conduct of the trial depositions in this matter;

(4) The availability of a case worker, assistant, or other staff to aid Plaintiff in the trial process in this matter, particularly relative to Plaintiff's vision impairment, and any procedures incident to engaging such worker for Plaintiff; and

(5) Any other matters or issues raised by defense counsel's investigation of these matters.[7]

## III. PLAINTIFF'S MOTION FOR DEFENSE COUNSEL TO NOTICE AND PAY FOR PLAINTIFF'S TRIAL DEPOSITIONS

Plaintiff also moves the Court to order defense counsel to schedule, notice, and pay for the depositions of Plaintiff's 48 witnesses in the order he listed them in Docket No. 181.[8] [Doc. 186]. In addition to the Plaintiff and the 15 Defendants, this list includes 32 non-party witnesses, including 23 North Carolina prisoners, nine (9) prison officials and/or healthcare providers, and one expert witness, James Evans Aiken. Plaintiff states that

---

[7] Defendants' response to Plaintiff's motion [Doc. 188] reflects that Defendants' counsel has already accomplished several of these items.

[8] In his motion for evidentiary hearing, Plaintiff also argues that, in addition to a videographer, a stenographer must be present at each trial deposition "to log and take custody of the exhibits/evidence" and to create a written transcript. [Doc. 184 at 12]. Plaintiff seems to misunderstand the Court's previous Order; nothing therein precludes the use of stenographers at the trial depositions in this matter.

6

the 23 prisoner witnesses will testify regarding their experiences having been subjected to excessive force at Alexander and Central Prison in Raleigh, North Carolina. [Doc. 181 at 14-25]. Plaintiff states that the Defendant witnesses will testify regarding "the claims and defenses in this civil action, NC-DPS policies, FRE 404(b) and 406 evidence and the NC-DPS grievance/complaint process." [Id. at 3-10].

For the prison official witnesses, Plaintiff identifies the following individuals: (1) former Defendants Raymond Hamilton, identified as a Captain at Alexander, and Leslie Bentley, identified as a Correctional Officer at Alexander, who Plaintiff states will testify to the same subject matter as the Defendants; (2) Darlene Upchurch and Amy Larosa, identified as NCDPS Medical Records Managers, who Plaintiff states will authenticate medical records of Plaintiff and his witnesses; (3) Sarah D. Wilson, identified as an LPN at Alexander, who Plaintiff states will testify "regarding the evaluation and treatment of Plaintiff;" (4) Marta M. Kalinski, MD, and Marilyn M. Gamewell, FNP, identified as healthcare providers at Alexander, who will testify regarding the injury, evaluation, diagnosis and treatment of Plaintiff, and his medical history; (4) Percy Myers, MD, identified as Plaintiff's primary care physician at Lawrence Correctional Center, who will authenticate Plaintiff's medical records and testify regarding Plaintiff's medical history,

pre-existing injuries, and ongoing medical care and treatment. [Doc. 181]. Finally, as to Mr. Aiken, Plaintiff claims that he will testify "substantially as set forth in his Expert Witness Report regarding NC-DPS, Division of Prisons, use of force transactions and critical failures that provide a foundation for undetected excessive use of force transactions and staff administrative/ criminal misconduct that causes unnecessary injury and suffering of inmates in the custody of the NC-DPS." [Doc. 181 at 27]. Plaintiff, however, has not demonstrated that he has secured or retained Mr. Aiken to testify as an expert in this case.

As grounds for this motion, Plaintiff states that he has less than $20.00 in his prison trust account and that he is unable to afford the cost of the depositions. [Id. at 2]. Plaintiff also argues that prison rules preclude him from contacting other non-blood-related prisoners by mail and that he is unable to access the address of prison official witnesses. Finally, Plaintiff argues that the confiscation by Illinois prison officials of the trial writs prevents Plaintiff and his prisoner witnesses from lawfully attending their depositions. [Id. at 2-4].

While Plaintiff contends that he has only $20.00 in his prison trust account, he provides no affidavit or recent trust account statement in support of this claim. [See Doc. 186]. Given the abundance of affidavits that Plaintiff

has filed in support of previous motions in this case, [see, e.g., Doc. 48-1, 56-1, 72-6, 83-1, 111-1, 117-1, 131-1, 132-1, 163-1, 170-1, 187-1], the Court will require Plaintiff to provide a trust account statement reflecting his balances and charges for the last six months, before the Court will rule on his motion for Defendants to pay the cost of the trial depositions.[9]

As for Plaintiff's motion for defense counsel to schedule and notice the depositions of Plaintiff's witnesses, the Court rules as follows. The Court will order defense counsel to schedule and notice the trial depositions of the Plaintiff and Defendants Quinn, Caldwell, and Clawson. This includes engaging stenography and videography services for these trial depositions. The Court will order the parties to report to the Court within fourteen (14) days after the conclusion of these depositions regarding whether the trial depositions of the remaining Defendants are necessary and why. The Court will deny Plaintiff's motion as to former Defendants Hamilton and Bentley. It appears that Hamilton and Bentley's testimony would be redundant of the testimony offered by the remaining Defendants at trial and, therefore, unnecessary.

---

[9] To be clear, even to the extent the Court may order Defendants to pay the deposition costs, those costs might be fully taxable against the Plaintiff if the Defendants prevail in this case.

9

Case 3:19-cv-00135-MR    Document 189    Filed 04/24/23    Page 9 of 14

The Court will deny Plaintiff's motion as to Darlene Upchurch and Amy Larosa without prejudice. Defendants can and should stipulate to the authenticity of any relevant, authentic medical records. The Court will also deny Plaintiff's motion as to Dr. Kalinski and FNP Gamewell, assuming Defendants' stipulation to the authenticity of Plaintiff's medical records such that Plaintiff can testify regarding his own injuries, evaluation, diagnosis, and treatment as reflected in his medical records. The Court will also deny Plaintiff's motion as to Sarah D. Wilson. Plaintiff has failed to show that Ms. Wilson's testimony is necessary or relevant to this proceeding. The Court will deny Plaintiff's motion as to Percy Myers, MD. Plaintiff can testify regarding his own medical history, pre-existing injuries, and ongoing medical care and treatment, as may be relevant to this proceeding.

The Court will deny Plaintiff's motion as to Mr. Aiken without prejudice. Plaintiff has not shown that he has secured or retained Mr. Aiken to testify as an expert witness in this case. The Court will not order defense counsel to notice and schedule Mr. Aiken's deposition in such circumstance.

As for Plaintiff's 23 prisoner witnesses, the Court will require the parties to provide additional information regarding these witnesses before ruling on Plaintiff's motion in any regard:

> (1) Defense counsel shall provide these witnesses' current locations or addresses, if known; whether they are still incarcerated; and, if so, their release dates;
>
> (2) Plaintiff shall state what he knows of each witness' knowledge of the facts and circumstances surrounding this lawsuit and willingness to testify regarding the matters at issue and whether Plaintiff is personally acquainted with the witness.

The Court will deny Plaintiff's request that the trial depositions be scheduled in the order listed in his Witness List as impractical, unreasonable, and unnecessarily onerous and complicated. Plaintiff can certainly request that the trial depositions of his own witnesses be played in a particular order at trial.

The Court will stay the deadline to conduct the trial depositions pending resolution or determination of the matters identified herein. The Court, therefore, will deny Plaintiff's motion for an extension of time as moot.

## IV. PLAINTIFF'S RULE 615 MOTION

Plaintiff also moves to invoke Rule 615 of the Federal Rules of Evidence "in relation to video trial depositions during the depositions and prior to trial." [Doc. 183]. Rule 615 provides, "[a]t a party's request, the court must order witnesses excluded so that they cannot hear other witnesses'

testimony." Fed. R. Civ. Proc. 615. The Rule does not apply to parties to the action or "a person whose presence a party shows to be essential to presenting the party's claim or defense" or to "a person authorized by statute to be present." Id. As such, the Rule does not apply to any of the Defendants. The Court will grant the Plaintiff's request insofar as *non-party* witnesses will be ordered not to attend the trial depositions of other witnesses without prejudice to Defendants demonstrating a witness' presence is essential to the presenting party's claim or defense or is authorized by statute to attend.

## V. CONCLUSION

The Court will order defense counsel to schedule and notice the trial depositions of the Plaintiff and Defendants Quinn, Caldwell, and Clawson and for the parties to report to the Court within fourteen (14) days after the conclusion of these depositions regarding the need for the trial depositions of the remaining Defendants. The Court will order the parties to report to the Court and the Plaintiff to provide his most recent trust account statement as set forth above all within fourteen (14) days. The Court will stay the deadline to conduct the trial depositions pending resolution or determination of the matters identified herein. The Court will grant Plaintiff's motion to invoke Rule 615. Finally, the Court will direct the Clerk to send the Warden of

Plaintiff's correctional facility a copy of this Order so that they are made aware of the matters herein.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 186] is **DENIED IN PART**, **GRANTED IN PART**, and **RESERVED IN PART** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that the parties shall investigate and inquire about the matters set forth in this Order and report to the Court within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** that the Plaintiff shall file a copy of his most recent trust account statement in accordance with the terms of this Order within fourteen (14) days of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Invoke Rule 615 in Relation to Video Trial Depositions [Doc. 183] is **GRANTED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that the deadline to conduct the video trial depositions is **STAYED** pending resolution of the issues identified herein and Plaintiff's Motion for Extension of Time [Doc. 187] is **DENIED** as moot.

The Clerk is respectfully instructed to send a copy of this Order by certified mail to the Warden at Plaintiff's current correctional facility.

**IT IS SO ORDERED**.

Signed: April 21, 2023

Martin Reidinger
Chief United States District Judge