IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00135-MR

| | |
|---|---|
| **MATTHEW JAMES GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **ERIK A. HOOKS, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's "Notice of the Destruction &/or Damage of Plaintiff's Case File(s) by Illinois Prison Officials," [Doc. 196], which the Court construes as a motion for miscellaneous relief.

The *pro se* Plaintiff is a prisoner of the State of New Mexico currently serving a life sentence for first degree murder. He filed this action pursuant to 42 U.S.C. § 1983 against numerous prison officials based on events allegedly occurring while he was confined at Alexander Correctional Institution in Taylorsville, North Carolina, and on allegedly unconstitutional North Carolina Department of Public Safety (NCDPS) policies and procedures. [Doc. 1]. At the time, Plaintiff was confined in North Carolina pursuant to an interstate corrections compact. He was later transferred back

to New Mexico and then to Illinois. He is now incarcerated at the Lawrence Correctional Center in Sumner, Illinois, in Administration Detention (AD). This matter is now ripe for trial. To that end, the Court has issued several Orders regarding the conduct of the trial in this matter by video deposition. [Docs. 172, 175, 180, 189]. Most recently, the Court ordered the parties to address certain issues related to the administration of the trial. [Doc. 189]. Recently, the Court granted Plaintiff's request for an extension of the deadline to comply with that Order to June 5, 2023. [5/12/2023 Text Order].

Now before the Court is Plaintiff's "Notice" that the Illinois Department of Correction Special Operations Response Team entered the Administration Unit at Lawrence Correctional Center and removed all prisoners, including Plaintiff, from the Housing Unit "under the guise of a 'Unit Search.'" [Doc. 196 at 1]. Plaintiff claims that, when he returned to his cell, "his case files were damaged, destroyed and missing. Many of the remaining documents had a grape beverage poured on them." [Id.]. Plaintiff asserts that "[t]his is a substantial disruption of the trial process in this matter" and requests a "Court Order to preserve any and all video relating to the 'Search.'" [Id. at 1-2].

Plaintiff's request will be denied. If Plaintiff believes that Illinois prison officials violated his rights, he may seek redress through their grievance

2

Case 3:19-cv-00135-MR   Document 197   Filed 06/02/23   Page 2 of 3

procedures and, thereafter, in the appropriate Court. This Court is without authority to order the preservation of evidence that relates to some other potential future action for which jurisdiction does not lie with this Court. Plaintiff may also himself formally demand that the video evidence of the "Search" be preserved by the Illinois prison officials through an evidence preservation letter. Additionally, Plaintiff has not asserted that any files relevant to the instant case were impacted by this alleged "Search" in any event. Plaintiff has previously advised the Court of his having at least 32 boxes of legal materials and he is a prodigious filer of lawsuits. [See Doc. 179 at 10, 47-51]. Nonetheless, the Court will direct that a copy of this Order be sent to the Warden at Lawrence Correctional Center so that officials there are advised of Plaintiff's allegations and may take appropriate action.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 196] is **DENIED** in accordance with the terms of this Order.

The Clerk is respectfully instructed to send a copy of this Order by certified mail to the Warden at Lawrence Correctional Center in Sumner, Illinois.

**IT IS SO ORDERED**.

Signed: June 1, 2023

Martin Reidinger
Chief United States District Judge