IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ERIK A. HOOKS, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on Plaintiff's "First Trial Objection and Motion for Mistrial" [Doc. 212], Plaintiff's "Second Trial Objection, Deposition Objection and Motion for a Mistrial" [Doc. 213], and Plaintiff's "Second Motion to Take Trial Depositions" [Doc. 215].

The *pro se* Plaintiff is a prisoner of the State of New Mexico currently serving a life sentence for first degree murder. He filed this action pursuant to 42 U.S.C. § 1983 against numerous prison officials based on an alleged use of excessive force on March 21, 2017, at Alexander Correctional Institution ("Alexander CI") in Taylorsville, North Carolina, and on allegedly unconstitutional North Carolina Department of Public Safety (NCDPS)[1]

---

[1] The NCDPS has been renamed the North Carolina Department of Adult Corrections.

policies and procedures that promote the use of excessive force against restrained prisoners in areas of North Carolina prisons that lack video coverage. [Doc. 1]. At the time, Plaintiff was confined in North Carolina pursuant to an interstate corrections compact. He was later transferred back to New Mexico and then to Illinois. He is now incarcerated in Administrative Detention (AD) at the Lawrence Correctional Center ("Lawrence CC") in Sumner, Illinois. This matter is now ripe for trial. To that end, the Court ordered that the trial in this matter be conducted by video depositions in accordance with the terms of the Court's Order. [Doc. 172]. For the sake of economy, the Court hereby incorporates by reference its previous Orders in this matter, particularly those at Docket Nos. 172, 189, and 202 regarding the conduct of the trial in this matter by video trial depositions.

Recently, on Defendants' consent motion, the Court extended the deadline to complete the video trial depositions of Defendants Quinn, Caldwell, and Clawson to December 13, 2023. [11/14/2023 Text Order]. In that motion, defense counsel provided as follows. Defense counsel noticed the video trial depositions of Defendants Clawson and Quinn for October 26, 2023, via Zoom and contracted with Huseby Global Litigation to record the deposition by stenography and audio/video. [Doc. 214 at 2]. Defense counsel also notified Lawrence CC of the depositions. [Id.]. On October 26,

2023, defense counsel traveled to Alexander CI in Taylorsville, North Carolina, to be physically present with Defendants Clawson and Quinn for their trial depositions. [Id.]. Lawrence CC made Plaintiff available for these depositions. [Id. at 3]. Plaintiff, however, stated that the screen he was provided with to participate in the deposition was "very small" and that he was unable to proceed. [Id.]. Plaintiff also stated that Lawrence CC has laptops with larger screens, but he was nonetheless given a small screen. [Id.]. Moreover, Plaintiff wanted to use certain videos during the trial depositions, but defense counsel was unable to accommodate this because he was not allowed to bring his laptop into Alexander CI. [Id.]. Defense counsel and Plaintiff discussed the logistics of conducting the video trial depositions going forward. [Id.]. Plaintiff explained that the easiest way for him to receive notice of the depositions is for defense counsel to file them with the Court in this matter because it takes much longer for him to receive depositions notices in the mail. [Id.]. Defense counsel offered that he could file the notices of deposition in ECF if the Court allows. [Id.]. Defense counsel also offered that he could speak with the Lawrence CC staff about Plaintiff being provided a larger screen to participate in the trial depositions. [Id.]. Finally, defense counsel stated that he could conduct the video trial

depositions from his office so that video footage could be played during the depositions. [Id.].

Now pending are several motions filed by Plaintiff, including two motions for a mistrial. [Docs. 212, 213, 215]. In his first such motion, Plaintiff contends a mistrial is warranted because he was not sufficiently notified of the video trial deposition set for October 26, 2023. [Doc. 212]. That is, on October 25, 2023, at 7:00 p.m., "a prison official notified Plaintiff that the deposition of an unknown person had been set" for 8:30 a.m. the next day. [Id.]. Plaintiff contends that "[o]pposing counsel intentionally failed to file a Notice of Deposition in this matter." [Id.].

In his second motion for a mistrial, as grounds, Plaintiff argues (1) again that he "did not receive a Notice of Deposition from the opposing party" for the October 26 trial deposition and that his notice of such deposition was insufficient;[2,3] (2) that defense counsel arrived at the deposition without the video evidence the Court ordered defense counsel to have available to the

---

[2] In Plaintiff's third pending motion, he contends that defense counsel "only scheduled one (1) deposition during the relevant time period (that of Defendant Clawson)." [Doc. 215 at 2]. The Court, therefore, will refer to the video trial deposition that was set for October 26, 2023, in the singular.

[3] As suggested by Plaintiff, the Court will order Defendants to file any future Notices of Deposition in this matter with the Court, in addition to serving them on the Plaintiff in accordance with the Federal Rules of Civil Procedure.

4

Plaintiff, which required the deposition to be rescheduled;[4] (3) that Lawrence CC prison officials "obstructed the deposition process … by [providing] Plaintiff with an iPhone 5 to participate in a video jury trial deposition," which has screen dimensions of 4.87 by 2.31 inches; (4) Plaintiff was in restraints at the video trial deposition "because non-party prison officials elected to hold the proceeding in an 'unsecure area,'" the law library, when there were secure areas that prison officials could have used; and (5) there was no reading assistant at the deposition to assist the Plaintiff.[5] [Doc. 213 at 1-2]. Plaintiff requests an evidentiary hearing on each of these issues. [Id. at 10].

The Court will deny Plaintiff's motions for a mistrial. Plaintiff has shown no prejudice by the alleged insufficient notice of the first attempt at Defendant

---

[4] Plaintiff argues, therefore, that "this cost of rescheduling is not taxable against Plaintiff – at any time." [Doc. 213 at 3-4]. On this issue, the Court will order that Plaintiff shall not be responsible for the cost of the attempted deposition(s) on October 26, 2023. [See Doc. 202 at 18, 21].

[5] Plaintiff also argues that "[t]o the extent that opposing counsel claims (without any Certificate of Service in the record) that he sent a Notice of Deposition and provided a new copy of the video evidence – the IL-DOC Prison level mail logs do not bear this out." [Doc. 213 at 10]. Since the Plaintiff frequently separately files stand-alone certificates of service with the Court in this matter, the Court will take this opportunity to advise the Plaintiff that filing such certificates of service is improper. When a party files a document requiring a certificate of service, the document and the certificate of service should be filed together as one document. On the other hand, when a document is served on the opposing party but does not need to be filed with the Court (such as discovery documents), it is improper to file a stand-alone certificate of service with the Court reflecting the service of that document on the opposing party. Filing such certificates of service with the Court simply confuses and clogs the docket and imposes unnecessary work on Court staff.

Clawson's video trial deposition. Defendant Clawson's deposition has or will be rescheduled. Moreover, defense counsel is conducting these depositions from his office so that Plaintiff has access to the video footage and defense counsel asked Lawrence CC officials to give Plaintiff access to a larger-sized screen. Finally, as to Plaintiff being in restraints for the deposition and not being provided a reading assistant, the Court has already addressed these issues.[6] [See Doc. 202 at 4, 11-14]. As such, none of the grounds presented by Plaintiff warrant a mistrial, nor is an evidentiary hearing necessary to resolve them.

Plaintiff seems to think that a mistrial is warranted any time he encounters an inconvenience in trying his case. It is not. Everyone, including the Plaintiff, must operate within the constrictions imposed by Plaintiff's status as a prisoner confined in Administrative Detention in an Illinois state prison. Plaintiff is advised that should he again believe he is entitled to a mistrial he may raise such issue at the pre-trial conference in this matter and not before. It should be noted that a motion for a mistrial is a mechanism by which a trial, once it has begun, can be re-started with a

---

[6] As previously found, the Court is not obligated to provide Plaintiff a reading assistant and, if the Illinois Department of Corrections will not provide one for him, it is Plaintiff's responsibility and burden to secure one. [Doc. 202 at 13]. Moreover, the Court has no authority to order an Illinois prison to modify its security polices for AD prisoners in their custody. [Id. at 14].

6

Case 3:19-cv-00135-MR   Document 224   Filed 12/20/23   Page 6 of 8

new jury. Here, the trial has not begun and no jury has been empaneled. The parties are simply undertaking de bene esse depositions for *use at* trial, pursuant to this Court's orders. As such, Plaintiff's motions for a "mistrial" are entirely misplaced.

Plaintiff also moves the Court to allow him to take the video trial depositions of the 48 witnesses Plaintiff listed on his "Witness List" in March 2023 "for the reasons stated therein." [Doc. 215; see Doc. 181]. The Court already addressed Plaintiff's request to depose these individuals [Doc. 202 at 5-6, 8-11] and Plaintiff presents nothing counseling a different result. The Court will deny this motion.

Plaintiff is strongly admonished against raising any matters previously addressed by the Court absent a substantial change in circumstances. The Court's decisions will not change simply because the theoretical has become reality. Any future such motion may be summarily denied.

For the foregoing reasons, the Court will deny Plaintiff's pending motions, deny Petitioner's request for an evidentiary hearing, order Defendants to file any future Notices of Deposition in this matter in ECF, and order that the costs of the attempted video trial deposition on October 26, 2023, shall not be charged to the Plaintiff.

7

## **ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 212, 213, 215] are **DENIED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendants shall electronically **FILE** any future Notices of (Trial) Depositions in this matter in ECF.

**IT IS FURTHER ORDERED** that Defendants shall not charge Plaintiff the cost of the video trial deposition(s) attempted on October 26, 2023, in this matter.

The Clerk is respectfully instructed to send a copy of this Order by certified mail to the Warden at Lawrence Correctional Center so that he or she remains apprised of the status of the conduct of these video trial depositions.

**IT IS SO ORDERED**.

Signed: December 20, 2023

Martin Reidinger
Chief United States District Judge