IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00135-MR

| | |
|---|---|
| MATTHEW JAMES GRIFFIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| ) | |
| ERIK A. HOOKS, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Plaintiff's Pro Se Motions to Exclude Evidence [Docs. 220, 221]; Plaintiff's Pro Se "Motion For An Order To Show Cause for Defendants' Violation of Court Order (doc. 172)" [Doc. 261]; and Plaintiff's Pro Se "Verified Motion for an Order Requiring Defendants' [*sic*] to Show Cause Why they Should Not be Sanctioned And Held in Complaint For Disrupting A Trial Deposition By Forcing An Adjournment" [Doc. 266].

For the sake of economy, the Court herein incorporates its previous Orders in this matter. Pursuant to Orders of this Court, the parties conducted the video trial depositions of the Plaintiff; Defendants Quinn, Caldwell,

Clawson, and Lassiter;[1] and witness Thomas Reddick. The Court ordered Defendants to pay the costs of these depositions subject to Plaintiff's repaying these costs to Defendants at a rate of $15.00 per month. [Doc. 202 at 18, 21; Doc. 255]. Plaintiff now claims that Defendants, contrary to the Court's Order,[2] have caused Plaintiff to be billed for some of these depositions while also collecting the $15.00 monthly payment.[3] [Docs. 261, 261-1]. Plaintiff claims that Defendants' "misconduct" will prevent him from taking depositions in this or any other case "because it now appears that Plaintiff did not pay a Court Reporter." [Id. at 3, 5]. As has become Plaintiff's custom in this matter, he immediately seeks drastic relief for a potentially harmless administrative error without any apparent attempt to resolve the matter with Defendants. That is, he asks the Court to hold Defendants in contempt and/or impose a $10,000.00 sanction on them for Plaintiff's use in

---

[1] Initially, the Court ordered that the video trial deposition of Defendant Lassiter be conducted by May 6, 2024, after Defendants identified him as the Defendant with the most knowledge regarding Plaintiff's policy-related claim. [Doc. 248 at 11; Doc. 255 at 2-3; 5/7/2024 Text Order]. On May 7, 2024, the Court granted Defendants' motion for an extension of time to complete these depositions, ordering that they shall be completed "no later than June 7, 2024. No further extensions of this deadline will be allowed absent a showing of extraordinary circumstances." [5/7/2024 Text Order].

[2] Plaintiff errantly references Docket No. 172 as setting forth this Order. The Order at Docket No. 202 sets forth the parties' respective obligations in paying for the video trial depositions.

[3] Although not specifically alleged by Plaintiff, it appears that he was billed for his video trial deposition and those of Defendants Quinn, Caldwell, and Clawson. [See Docs. 261, 261-1].

hiring an attorney. [Id. at 4, 6]. The Court will deny Plaintiff's motion to the extent he seeks a finding of contempt or sanctions, which are wholly unsupported by the alleged conduct. The Court will, however, order Defendants to provide the Court with a report on the status of the payment for the court reporting services engaged for the purpose of taking the video trial depositions in this matter, including those recently completed, and an explanation for Plaintiff being directly billed for these services.

Next, Plaintiff moves for sanctions and for Defendants to be held in contempt for allegedly "disrupting a trial deposition by forcing an adjournment of the deposition [of Defendant Lassiter]." [Doc. 266]. As grounds, Plaintiff alleges as follows. The Court ordered that "[d]efense counsel shall ensure that Plaintiff has access to and use of any video evidence in this matter at the video depositions." [Id. at 4 (citing Doc. 202 at 16)]. Because Plaintiff has 28 boxes of legal materials and he is limited to having only one box in his cell, most of his legal materials are stored in his own personal legal storage room at his correctional facility. [Doc. 266 at 6-7]. The documents from the instant action alone exceed the amount of legal property that is allowed in his cell. [Id. at 7]. Plaintiff, therefore, "must exchange documents back and forth between his assigned cell and the legal storage room," which involves a process that generally takes three to five

days.  [Id. at 7-10].  Defendants in this action have a history of insufficient notice regarding the video trial depositions, which has caused such depositions to be cancelled and rescheduled to allow Plaintiff sufficient time to access his storage unit.  [Id. at 10-11].  As a result, on December 20, 2023, the Court ordered Defendants to electronically file any future notices of video trial depositions in this matter in ECF.  [Id. at 11-12 (citing Doc. 224 at 8)].  Plaintiff receives frequent updates by phone from a third party who monitors ECF to alert Plaintiff to any deposition notices filed in this matter.  [Id. at 12].  As of June 5, 2024, no deposition notice was filed for the video trial deposition of Defendant Lassiter.  [Id. at 12-13].  Plaintiff received the mailed written notice of Defendant Lassiter's deposition on June 5, 2024, the day before it was set to be conducted.  [Id. at 13].  Because Plaintiff had less than 24 hours' notice, he had insufficient time to access the storage unit and was "prevented … from preparing for the deposition."  [Id. at 14].  Plaintiff nonetheless appeared for the deposition and proceeded with it after objecting to the lack of notice.  [Id. at 14-15].

During the video trial deposition of Defendant Lassiter, Plaintiff asked defense counsel to play a particular piece of video evidence "containing the initial March 21, 2017 incident on Unit Blue – North where force was used against Plaintiff."  [Id. at 20-21].  Defense counsel "refused to play the

4

incident video" and instructed Defendant Lassiter "not to answer any questions relating to the use of force on the video exhibit and [counsel] refused to get the judge on the phone." [Id. at 21-22]. Plaintiff alleges this conduct forced the adjournment of the deposition and violated the Court's Order requiring defense counsel to ensure that Plaintiff "has access to and use of any video evidence in this matter at the video depositions."[4] [Id. at 22].

Plaintiff asks the Court to order defense counsel to show cause why he should not be held in contempt for violating the Court's Orders and to order the following sanctions: (1) that Defendants bear the cost of Defendant Lassiter's video trial deposition; (2) that Defendant Lassiter's Answer be stricken and the allegations of Plaintiff's Complaint be deemed admitted; (3) that judgment be entered for Plaintiff as to Defendant Lassiter; and (4) that Defendants reschedule the deposition of Defendant Lassiter at a date and time selected by the Court. [Id. at 28-29]. Plaintiff asks for an evidentiary hearing and again asks the Court to appoint the North Carolina Prisoner

---

[4] Plaintiff also claims that Defendants committed a "discovery violation" by producing an excessive force policy that was not effective until March 22, 2017, the day after the alleged use of force incident. [Doc. 266 at 18-20]. Plaintiff, however, has been well aware of the relative dates of the policy produced and the alleged use of force incident for years and, to the extent he does not have it, points to no attempt to obtain the correct policy on the record or otherwise.

Legal Services (NCPLS) to represent Plaintiff or alternatively to appoint counsel at Defendants' expense. [Id. at 29].

Defense counsel responded to Plaintiff's motion. [See Doc. 267 at 3-4]. Defense counsel provides that, on May 24, 2024, he both served the deposition notice for Defendant Lassiter's video trial deposition on Plaintiff by mail and electronically served the notice on Ryan Schoon, the Litigation Coordinator at Plaintiff's correctional facility. [Id. at 3]. On June 6, 2024, Plaintiff deposed Defendant Lassiter for over two hours and counsel "initially allowed Plaintiff to question Defendant Lassiter as to issues of fact related to a video." [Id.]. When Plaintiff asked to introduce another video "to ask Defendant Lassiter more fact questions about an incident in this other video," defense counsel objected and told the Plaintiff that:

> Plaintiff could ask any and all questions as to policy creation and revision given that Defendant Lassiter was being deposed as to Plaintiff's policy claim given that Lassiter is the former Director of Prisons, but [counsel] would not allow the deposition … to veer off course into factual questions as to whether Mr. Lassiter could identify whether Plaintiff had swollen tissue or an abrasion based upon video footage.

[Id.]. Thereafter, Plaintiff stated he was "adjourning" the deposition. Counsel reiterated that Plaintiff could ask Defendant Lassiter any policy-related questions, but that counsel would not be showing additional videos so that Plaintiff could ask Defendant Lassiter more fact questions. [Id.]. Defense

counsel takes the position that Defendant Lassiter's deposition was completed on June 6, 2024. [Id. at 3-4].

The Court will deny Plaintiff's motion for contempt and sanctions based on the noticing and conduct of Defendant Lassiter's video trial deposition. [Doc. 266]. While the Court notes that Defendants failed - until June 6, 2024 - to comply with the Court Order directing Defendants to electronically file the remaining deposition notices in this case in ECF, the Court sees nothing in the record or otherwise to support a finding of contempt or the need for sanctions. Because of the voluminous, often redundant, and sometimes wholly unnecessary or overly aggressive filings by Plaintiff in this matter, the Court has entered an extreme number of Orders in this case over the five years it has been pending. Meanwhile, due to staffing shortages and personnel changes at the North Carolina Department of Justice, Defendants are now represented by their third successive attorney in this matter. The third attorney, Richard A. Paschal, substituted as counsel in this case on April 24, 2024, and managed to meet the Court's June 6, 2024 deadline to conduct the video trial depositions of Reddick and Defendant Lassiter. [See Doc. 258]. Moreover, defense counsel served the deposition notice on Plaintiff by mail on May 24, 2024, and transmitted the notice electronically to the facility's Litigation Coordinator the same day for service on Plaintiff. The

7

Court will not sanction the Defendants for Attorney Paschal's technical failure to comply with the Court's Order under the circumstances here.

Plaintiff claims that he was prevented from preparing for Defendant Lassiter's deposition because he was unable to access his storage unit. The Court finds this claim to be unsupported. The deadline to depose Defendant Lassiter was June 6, 2024, the day the deposition was conducted, and the Court had ordered that no further extensions of that deadline would be allowed absent "extraordinary circumstances." Plaintiff alleges that he has a third party monitoring the ECF activity in this case and providing Plaintiff frequent status updates by phone. As such, Plaintiff would have been aware if a motion for extension of this deadline had been filed. Plaintiff also alleges that he is allowed to possess one box of legal materials in his cell and that it takes three to five days to swap out materials with those in his personal storage unit. Based on these circumstances and the Plaintiff's performance in this action to date, the Court finds Plaintiff's claim that he lacked sufficient forethought to have the materials he needed to conduct Defendant Lassiter's deposition – with a nearly immovable, looming deadline – available in his cell incredible. Plaintiff has shown himself endlessly savvy and tactical in this case and the Court declines to base any decisions off his claim of ill preparation for Defendant Lassiter's video trial deposition.

8

Case 3:19-cv-00135-MR  Document 269  Filed 07/02/24  Page 8 of 11

Finally, the Court finds defense counsel's decision not to play another video so that Plaintiff could further question Defendant Lassiter regarding Plaintiff's injuries after the alleged use of force incident proper. Plaintiff could have used the subject video (and perhaps did) during his own testimony and/or during the testimony of Defendants Quinn, Caldwell, and Clawson, who were allegedly involved in the incident. The Court's Order requiring defense counsel to ensure that Plaintiff had access to the video evidence at the video trial depositions in this matter did not require defense counsel to allow objectionable lines of questioning regarding the video. Plaintiff does not claim that he was otherwise unable to examine the other witnesses regarding this video, nor does Plaintiff allege that Defendant Lassiter had any involvement in the alleged use of force. The Court ordered the video trial deposition of Defendant Lassiter because he has the most knowledge regarding Plaintiff's policy-related claim, not to testify regarding Plaintiff's injuries as they may or may not have appeared on video.

The Court recently noted that, despite the Court's extreme leniency and accommodations in this matter, Plaintiff "appears to be determined to test the Court's leniency at every turn." The Court admonished that, although "it is unlikely that the Plaintiff will ever be satisfied" regarding depositions and discovery, "[t]his matter needs to draw to conclusion." [Doc. 248 at 18-19].

9

Case 3:19-cv-00135-MR   Document 269   Filed 07/02/24   Page 9 of 11

For all these reasons, the Court denies Plaintiff's motion to hold defense counsel in contempt and for sanctions.

Finally, also pending are Plaintiff's motions to exclude certain evidence at trial. [Docs. 220, 221]. In the first, Plaintiff seeks to exclude evidence of comparative fault and "to bar the defense of comparative fault" on Plaintiff's state law tort claim on the ground that Plaintiff has dismissed this claim and the remaining claims are brought under 42 U.S.C. § 1983, against which "comparative negligence may not be applied as a defense." [Doc. 220]. The Court will deny this motion insofar as the relief Plaintiff seeks is superfluous. There is no need to bar evidence of a defense that does not apply. In his other motion, Plaintiff seeks to exclude evidence of uncharged crimes in Sante Fe, New Mexico, "for which Plaintiff has immunity from prosecution." [Doc. 221]. The Court will deny this motion without prejudice to Plaintiff raising the issue at the final pre-trial conference in this matter as necessary.

Now that the video trial depositions in this matter are concluded, the parties are advised that the Court will issue an Order or Orders as soon as practicable further setting forth the manner of conduct of the trial in this matter and setting a pretrial conference and trial date.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motions [Docs. 220, 261, 266] are **DENIED with prejudice** and Plaintiff's Motion [Doc. 221] is **DENIED without prejudice** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendants shall within 10 days of this Order file a Status Report advising the Court of the status of payment for the video trial depositions conducted in this matter and an explanation why the court reporting agency billed Plaintiff directly for their cost.

**IT IS SO ORDERED**.

Signed: July 1, 2024

Martin Reidinger
Chief United States District Judge