UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 3:19-cv-00135-MR

MATTHEW JAMES GRIFFIN,      )
                            )
        Plaintiff,           )
                            )
vs.                         )
                            )
                            )
ERIK A. HOOKS, et al.,       )
                            )
        Defendants.          )
_____)

## SUPPLEMENTAL PRETRIAL ORDER
## AND CASE MANAGEMENT PLAN

**IN ACCORDANCE WITH** the Local Rules of the Western District of North Carolina and pursuant to Rule 16 of the Federal Rules of Civil Procedure, the undersigned enters the following Supplemental Pretrial Order and Case Management Plan in this matter.

I.

The parties have concluded the conduct of the video trial depositions in this matter and Defendants have filed with the Court and served on the Plaintiff a Master Trial Notebook containing paper copies of the transcripts of the video trial depositions that were conducted, the exhibits used in those

depositions (including video footage), and copies of records the authenticity of which Defendants have stipulated.

To conduct the trial in this matter by video trial deposition as previously ordered as efficiently as possible, the Court now supplements its Pretrial Order and Case Management Plan to further elucidate the parties' responsibilities and the Court's expectations. A party's failure to comply with the requirements set forth herein or with previous Orders of this Court regarding the conduct of the trial in this matter, may subject such party to an administrative fine or other sanctions for interfering with the efficient administration of the trial.

II. VIDEO TRIAL DEPOSITIONS TO BE USED AT TRIAL

A. Within thirty (30) days of this Order, the parties shall file page/line designations of those portions of the video trial depositions they want to be used at trial and the order in which they want the testimony of their witnesses to be played. Within twenty-one (21) days of the filing of these designations, the parties shall file any objections and counter-designations, meaning testimony they want included at trial in light of the testimony designated by the opposing party. Objections shall

specify precisely the testimony objected to and the basis or bases for the objection.

B.    Within fourteen (14) days of the filing of objections and counter-designations, the parties shall file their responses thereto, indicating whether they maintain their designation(s) or agree to omit the disputed testimony.

C.    If the parties are unable to resolve all the objections to the designated testimony, such objections that remain will be resolved at the final pretrial conference, which the Court will schedule at the conclusion of the designation process.

D.    Because the parties and counsel will not appear in the courtroom during the trial in this matter, the trial testimony must be presented by use of the video recordings made of the video trial depositions in this matter. In this regard, the video must be edited so as to exclude any testimony for which an objection has been sustained and so that the video can be played for the jury without interruptions.

E.    Given Plaintiff's incarcerated status and obvious practical limitations, defense counsel will be responsible for editing and preparing these videos for trial. After the testimony is finalized at

the final pretrial conference and no later than fourteen (14) days before trial, defense counsel shall provide the Court a copy of this video trial testimony and an estimate of its total playtime length.

### III. OTHER EVIDENCE AT TRIAL

If any party wants the Court to consider any other evidence for presentation to the jury at trial, they shall submit such evidence and the grounds for its submission to the jury no later than ten (10) days before the final pretrial conference in this matter.[1]

### IV. EXHIBIT LISTS AND EXHIBIT NOTEBOOKS

A. Contrary to the Court's instructions [Doc. 202 at 15], the parties did not consecutively mark all exhibits to the video trial deposition testimony beginning with the first witness deposed so that there would be a master trial exhibit notebook for the Court's use at trial.[2] Rather, the parties used exhibit numbers that were used by the Plaintiff in an Exhibit List he filed with the Court in

---

[1] The Court previously admonished Plaintiff that he must submit a <u>single</u> cohesive document setting forth any evidence he wants read into the record at trial and the grounds for such submission. [Doc. 248 at 18, n.14]. To date, the Court has not received such submission from the Plaintiff.

[2] The Court further instructed that, "the first exhibit used and marked in the first deposition, if any, shall appear in the master exhibit notebook only once and subsequently referenced by the parties as "Trial Exhibit 1." [Doc. 202 at 15].

September 2023. [See Doc. 209]. As such, the Master Trial Notebook filed by Defendants contains the transcript of each video trial deposition followed by the Exhibits referenced therein, which are numbered according to the Plaintiff's Exhibit List. [See Doc. 209; see also Docs. 205, 208, 211]. Although the Court is troubled by parties' failure to abide the Court's instructions in the conduct of these video trial depositions and, consequently, the preparation of the Master Trial Notebook, the Exhibit-numbering system used for the conduct of the video trial depositions will be used for the remainder of these proceedings, primarily to avoid confusion by the jury.

B. Once the video trial deposition testimony is finalized at the final pretrial conference, defense counsel shall prepare two (2) identical exhibit notebooks containing only those exhibits that will be used at the trial. The exhibit notebooks shall contain an index of the exhibits and a copy of each exhibit. Counsel shall tab each exhibit separately and shall arrange the exhibits numerically by exhibit number. In preparing the exhibit list, counsel shall place the following headings on the exhibit list:

5

Exhibit #

Description

Stipulation of Authenticity

Stipulation of Admissibility

Objection

Identified by

Admitted

It is not necessary for counsel to make entries in either the "Identified by" column or the "Admitted" column. Counsel should only enter "Yes" or "No" for each exhibit in the columns regarding the stipulations of authenticity and admissibility.

V. OTHER DUTIES FOR TRIAL

A. If the parties agree upon any stipulations of fact for trial, the parties shall file them with the Court no later than ten (10) days before the final pretrial conference in this matter.[3]

B. No later than ten (10) days before the final pretrial conference in this matter, the parties shall file the issues to be submitted to the jury in the form of proposed verdict sheet(s).

---

[3] The parties have already stipulated to the authenticity of Plaintiff's medical records for trial. [Doc. 254].

6

C. The Court will conduct the voir dire for the trial in this matter. Should any party wish to submit questions for the Court's consideration for use in voir dire, they shall file them no later than ten (10) days before the final pretrial conference in this matter.[4]

## VI. JURY INSTRUCTIONS

No later than ten (10) days before the final pretrial conference in this matter, the parties shall submit proposed jury instructions. The parties should number each proposed instruction and shall submit each proposed instruction on a separate page. To the extent possible, each proposed instruction should contain a supporting citation as a footnote. Boilerplate introductory instructions need not be submitted.

## VII. OPENING AND CLOSING STATEMENTS

Once the evidence for trial is finalized at the final pretrial conference in this matter, the parties shall prepare video recordings of their opening and closing statements for use at trial. The Court will determine and order the allowable maximum length of these statements at the final pretrial conference. To the

---

[4] Plaintiff has already filed proposed voir dire questions in this matter. [See Doc. 231]. Plaintiff need not refile these questions.

7

Case 3:19-cv-00135-MR    Document 279    Filed 10/07/24    Page 7 of 9

extent necessary, Defense counsel shall assist Plaintiff in arranging with Plaintiff's correctional facility the means and opportunity to record these statements and ensure proper and timely submission of Plaintiff's statements to the Court. These statements shall be manually filed with the Court no later than ten (10) days before trial.

## VIII.

To the extent that any provision of the Local Rules conflicts with this Order, this Order shall govern. This Order is subject to modification only by Order of this Court and may not modified by agreement among the parties.

## IX.

A District Judge or Magistrate Judge may convene a second settlement conference at any time. In this regard, the parties are encouraged to consider and discuss, given the evidence adduced at the video trial depositions, whether such conference would be beneficial and productive. The parties may request the conduct of a second settlement conference at any time.

**IT IS SO ORDERED.**

Signed: October 7, 2024

Martin Reidinger
Chief United States District Judge