IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00135-MR

MATTHEW JAMES GRIFFIN,            )
                                  )
            Plaintiff,            )
                                  )
vs.                               )    **ORDER**
                                  )
                                  )
ERIK A. HOOKS, et al.,            )
                                  )
            Defendants.           )
_____    )

**THIS MATTER** is before the Court on Plaintiff's "Motion For Sanctions, Motion To Re-Open Discovery And Motion To Enter The Default of Defendant Erik Hooks." [Doc. 287].

For the sake of economy, the Court herein incorporates its previous Orders in this matter. This case arises from an alleged use of excessive force on the incarcerated pro se Plaintiff at Alexander Correctional Institution ("Alexander") on March 21, 2017. [Doc. 1]. The Court has ordered that the trial in this matter will be conducted by video trial deposition. To that end, the parties have conducted the video trial depositions of the Plaintiff; Defendants Quinn, Caldwell, Clawson, and Lassiter; and witness Thomas Reddick. Pursuant to an Order of the Court, Defendants submitted two

copies of a Master Trial Notebook containing copies of the transcripts of the video trial depositions and exhibits thereto. Defendants also provided Plaintiff a copy of the Master Trial Notebook. [See Doc. 278].

Now pending is Plaintiff's motion in which he moves for sanctions and entry of default against Defendant Hooks and to reopen discovery in this matter. [Doc. 287]. As grounds, Plaintiff argues that Defendant Hooks produced at outdated, institution-specific use of force policy in this matter, rather than the effective North Carolina Department of Public Safety (NCDPS) use of force policy. Specifically, Plaintiff asserts that Defendant Hooks produced Alexander's Standard Operating Procedure (SOP) effective on March 22, 2017, one day after the alleged use of excessive force at issue in this case. [Id. at 3-5]. Plaintiff further states that in another, unrelated case brought by Plaintiff pending in the Eastern District of North Carolina, the defendants therein produced an NCDPS use of force policy dated March 8, 2011 ("2011 NCDPS Policy"). [Id. at 6]. Plaintiff further asserts the 2011 NCDPS Policy was effective until 2018 and that it is the operative policy in the instant case. [Id. at 7-8]. He argues that, despite being the operative policy, the 2011 NCDPS Policy was never produced in discovery or made available to the Plaintiff for use in conducting the video trial depositions in this matter. [Id. at 8]. Plaintiff also asserts that "[i]n an even more bizzare

[*sic*] twist … yet another" Alexander SOP, dated April 3, 2018, appeared in the Master Trial Notebook and was marked as Exhibit 15 and attached to the deposition of Defendant Clawson. [Id. at 9]. Plaintiff states that this policy is not bates-stamped and was not produced in discovery. [Id.]. Plaintiff claims that "[a]s soon as Clawson testifies in front of the jury Plaintiff will move for a mistrial. [Id.]. Plaintiff claims he has been prejudiced by Defendant Hooks' failure to produce the operative policy but does not explain how. [Id. at 8].

Plaintiff argues that Defendants should be defaulted because they "have use of force policies falling out of their pockets." [Id. at 11]. Plaintiff also argues that the Court previously admonished Defendant Hooks regarding discovery. [Id. at 12 (citing Docs. 77, 80)]. Plaintiff asks the Court to file the Master Trial Notebook "as it currently exists" in the record to preserve these issues for appellate review. [Id.]. Plaintiff asks the Court 1) to order an evidentiary hearing, 2) to reopen discovery, 3) to require Defendant Hooks to plainly answer "yes" or "no" as to whether he produced the 2011 NCDPS Policy, 4) to enter the default of Defendant Hooks as a sanction, and 5) to order Defendant Hooks to pay Plaintiff's video deposition costs. [Id. at 11-12]. Defendants did not respond to Plaintiff's motion.

The Court will deny Plaintiff's pending motion. As Plaintiff has repeatedly done in this case, he seeks a severe, disproportionate remedy for what appears more than likely to be an inadvertent administrative or clerical error. [See e.g., Docs. 76, 79, 86, 118, 212, 213]. Even if Defendant Hooks produced an Alexander, rather than NCDPS, use of force policy that became effective the day after the alleged incident in this case,[1] Plaintiff has not shown prejudice. Typically, institution-specific and NCDPS policies are substantially the same, if not identical, and Plaintiff's motion is silent on any differences between any of the policies he cites. Moreover, Plaintiff fails to show that his claims in this matter rely in any way on the use of force policy operative at the time of the alleged use of excessive force or his ability to cross-examine witnesses using a particular version of the same policy. Plaintiff's argument that entry of default against Defendant Hooks is warranted because the Court has previously admonished him regarding discovery is unfounded. While the Court twice ordered Defendants Hooks, Dye, and Clawson to respond to Plaintiff's discovery requests, the delinquencies at issue lay solely with previous defense counsel in this matter, not with these Defendants. [Docs. 77, 80; see Doc. 80 at 1-2]. For these

---

[1] Defendants did not respond to Plaintiff's motion and the March 2011 NCDPS Policy does not appear in the Master Trial Notebook. The Court, therefore, assumes for purposes of this Order that Defendants did not in fact produce the 2011 NCDPS Policy.

reasons, the Court finds no grounds to enter the default of Defendant Hooks, to order him to pay Plaintiff's deposition costs, or to require him to affirm or deny that he produced the 2011 NCDPS Policy.

As to Plaintiff's request to reopen discovery, he fails to state what additional discovery he believes to be necessary at this very late stage of the proceedings. As the Court continues to reiterate in this case, even though "it is unlikely the Plaintiff will ever be satisfied" regarding depositions and discovery, "[t]his matter needs to draw to a conclusion." [See Doc. 248 at 19, Doc. 269 at 9]. The Court, therefore, will also deny this request. The Court will also deny Plaintiff's unsupported request for an evidentiary hearing. Plaintiff is also again admonished that nothing he describes in his motion warrants a mistrial. [See Doc. 224 at 6].

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion [Doc. 287] is **DENIED WITH PREJUDICE**.

**IT IS SO ORDERED**.

Signed: January 17, 2025

Martin Reidinger
Chief United States District Judge